ALAN HOSTETTER
P.O. BOX 1477
SAN CLEMENTE, CA 92674

Pro Se Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          )   Case No.:  21CR00392-RCL
                                   )
                Plaintiff,         )
                                   )
        vs.                        )
                                   )
ALAN HOSTETTER,                    )
                                   )
                Defendant.         )
                                   )
                                   )
_____    )

**MOTION TO SEVER**

          Defendant Alan Hostetter moves for an order severing his case from all
other co-defendants. This motion is based on Federal Rules of Criminal Procedure 8 and 14,
the attached Memorandum of Points and Authorities, the records, papers and files in this case
and on other such evidence as may be presented at the hearing on this motion. This motion is
further based on the attached Exhibit A (Defendant's Motion to Dismiss – Document No. 99),
which includes the TIMELINE AND DESCRIPTION OF EVENTS associated with this
motion showing no prior relationship or communication between defendant and co-defendants

Warner, Kinnison, Mele and Martinez. These four co-defendants are identified as "Three Percenters" in the indictment.

Defendant does not now belong, nor has he ever belonged to the Three Percenters or any other so-called militia group. Defendant has never knowingly met, spoken or otherwise communicated with these four defendants thereby making it impossible to have engaged in a criminal conspiracy with them. The government has produced no evidence to refute this claim.

Also as described in Exhibit A ( TIMELINE AND DESCRIPTION OF EVENTS section) and incorporated herein by reference, defendant Hostetter believes co-defendant Russell Taylor is a government operative of some sort targeting defendant in this case. If Taylor is not officially assigned or registered to a federal law enforcement or intelligence agency as such an operative, defendant believes he is working through a third-party organization or intermediary connected to federal law enforcement. This method of operation would be done to avoid a direct connection to the federal government that might be exposed through Discovery. Defendant anticipates taking a confrontational and oppositional position in relation to co-defendant Russell Taylor's potential defense strategy for that reason. In that regard, this motion should be granted.

**ARGUMENT**

**A. THE GOVERNMENT'S INTEREST IN JUDICIAL ECONOMY AND CONVENIENCE IN JOINDER FOR TRIAL IS OUTWEIGHED BY THE SUBSTANTIAL LIKELIHOOD OF PREJUDICE TO THE DEFENDANT.**

**1. <u>The Federal Rules of Criinal Procedure Permit Severance to Ensure A Fair Trial.</u>**

Federal Rule of Criminal Procedure 8 (a) provides. That "two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Rule 8 (b) provides that "two or more defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Federal Rule of Criminal Procedure 14 (a) provides: "if the joinder of offenses or defendants in an indictment… appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice so requires."

The Supreme Court has held that "when defendants have been properly joined under Rule 8 (b), a district court should grant severance under Rule 14 only if there is serious risk that a joint trial would prejudice a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Cruz, 127 F. 3d 791, 798-99 (9th Cir. 1997). Thus, even though "[g]enerally speaking, defendants jointly charged are to be jointly tried." United States v. Escalante, 637 F. 2d 1197, 1201 (9th Cir. 1980) (Citing United States v. Gay, 567 F. 2d 916, 919 (9th Cir. 1978), the district court must weigh the threat of a finding by the jury of guilt by association:

- Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

Zafiro, 506 U.S. at 538 (citing Kotteakos v. United States, 328 U.S. 750, 774-775 (1946).

The decision to grant severance based upon prejudicial joinder rests with the sound discretion of the trial court. See United States v. Ramirez, 710 F. 2d 535, 546 (9th Cir. 1983); United States v. Gee 695 F. 2d 1165 (9th Cir. 1983).

Both Rule 8 and Rule 14, however require severance if a defendant can show prejudice by joinder. Schaffer v. United States, 362 U.S. 511, 516 (1960); Parker v. United States, 404 F. 3d 1193 (9th Cir. 1963). Severance should be granted where a defendant is so manifestly prejudiced that the prejudice outweighs the concern for judicial economy. United States v. Kenney, 654 F. 2d 1323, 1345 (9th Cir. 1981).

Courts have consistently held that there is "a high risk of undue prejudice whenever… joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible. United States v. Lewis, 787 F. 2d 1318, 1322 (9th Cir. 1986). "A joint trial where one defendant is charged with offenses in which the other defendants did not participate, the detailed evidence introduced to establish guilt of the separate offenses may shift the focus of the trial to the

crimes of the single defendant. In such cases, co-defendants run a high risk of being found

guilty merely by association." United States v. Setterfield, 548 F. 2d 1341, 1346 (9th Cir.

1977).

In United States v. Baker, 10 F. 3d 1374 (9th Cir. 1993), the Court

considered the unique dangers of "mega-trials." While affirming the convictions in that case,

the Ninth Circuit set forth its concerns regarding such mega-trials. The court observed that the

usual advantages of joint trials – judicial economy, convenience and efficiency – may not

apply to such lengthy and complex trials. In fact, judicial economy, efficiency, and the

interests of the prosecution in orderly presentation of its evidence, obtaining guilty pleas,

efficiently using its resources are interests that are advanced by severing the case into several

manageable parts. Id at 1389 – 1390. Contrasted with these "questionable benefits of a joint

trial" the court noted that "the risk of prejudice increases sharply with the number of

defendants." Id. Among these risks, the court cited the likelihood that "armies of defense

counsel… undermining each other with conflicting trial tactics and strategies;" the "risk of

spillover prejudice" due to the "human limitations of the jury system," a risk which the court

noted, "is particularly acute for comparatively peripheral defendants"; the increase in the

likelihood of instructional error and confusion of evidence admitted for limited purpose. Id. at

1391.

District judges have exercised their discretion to grant severance of

defendants where the sheer number of defendants and counts would be unduly complex and

lengthy. See, e.g., United States v. Shea 750 F. Sup. 46 (D.C. Mass 1990): indictment charged

23 defendants in 57 counts relating to drug trafficking; Accord, United States v. Agnello, 367

F. Supp. 444 (E.D. N.Y., 1973)

A joinder of offenses and defendants in this case will have a substantial and injurious effect, preventing defendant Hostetter from receiving a fair trial if tried with the other defendants, several of whom are completely unknown to him. The spillover of evidence concerning other defendants – evidence that would be inadmissible in a separate trial as to this defendant – would undermine the right of defendant Hostetter to a fair trial. The complexity of the case and sheer quantity of evidence would not reasonably permit a jury to properly separate and consider evidence only as to defendant Hostetter in determining his guilt or innocence. The very real threat that defendant Hostetter could be found guilty by association exceeds any inconvenience to the government associated with a separate trial.

## CONCLUSION

For all the aforementioned reasons, defendant Hostetter moves this court to sever his case from all co-defendants.

Respectfully Submitted,

DATED: December 6, 2021          /s/ *Alan Hostetter*

Alan S. Hostetter (Pro Se Defendant)