AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

District of Columbia

United States of America
v.
ALAN HOSTETTER

    )
    )
    )
    )
    )
    )

Case No. 21-cr-392

*Defendant*

## ARREST WARRANT

To:    Any authorized law enforcement officer

    **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*  ALAN HOSTETTER

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ❏ Superseding Indictment    ❏ Information    ❏ Superseding Information    ❏ Complaint
❏ Probation Violation Petition    ❏ Supervised Release Violation Petition    ❏ Violation Notice    ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. §1512(k)(Conspiracy to Obstruct an Official Proceeding);18 U.S.C. §§ 1512(c)(2), 2(Obstruction of an Official Proceeding and Aiding and Abetting); 18 U.S.C. § 1752(a)(1)(Restricted Building or Grounds);18 U.S.C. § 1752(a)(2) (Restricted Building or Grounds).

Date:    06/09/2021

        *Issuing officer's signature*

Zia M. Faruqui
2021.06.09
16:53:56 -04'00'

City and state:    Washington, D.C.

    Zia M. Faruqui, United States Magistrate Judge
    *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 6/9/2021 , and the person was arrested on *(date)* 6/10/21 |
| at *(city and state)* Orange, CA . |
| Date: 6/10/21 |
| *Arresting officer's signature* |
| SA Jessica Salo |
| *Printed name and title* |

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**JUN 1 0 2021**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER **SA 21 - 4 0 7 M** |
|---|---|
| PLAINTIFF(S). | |
| v. | |
| Alan Hostetter | **DECLARATION RE** |
| DEFENDANT(S). | **OUT-OF-DISTRICT WARRANT** |

The above-named defendant was charged by: Indictment

in the _____ District of Columbia _____ on June 9, 2021

at _____ ☐ a.m. / ☐ p.m. The offense was allegedly committed on or about January 6, 2021

in violation of Title 18 _____ U.S.C., Section(s) 1512(k)

to wit: Conspiracy to Obstruct an Official Proceeding

A warrant for defendant's arrest was issued by: Magistrate Judge Zia M. Faruqui

Bond of $ _____ was ☐ set / ☐ recommended.

Type of Bond:

Relevant document(s) on hand (attach):

---

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ 6/9/21 _____
                    Date

Signature of Agent

Jessica Salo
Print Name of Agent

FBI
Agency

Special Agent
Title

CR-52 (03/20)                    DECLARATION RE OUT-OF-DISTRICT WARRANT

**RECEIVED**

JUN 0 9 2021

Clerk, U.S. District and
Bankruptcy Courts

**SA21-407M**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

JUN 0 9 2021

Clerk, U.
Bankru

**Holding a Criminal Term**

**Grand Jury Sworn in on January 8, 2021**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **ALAN HOSTETTER,** | : | **VIOLATIONS:** |
| (Counts 1, 2, 4, 5) | : | |
| | : | **18 U.S.C. §§ 1512(k)** |
| **RUSSELL TAYLOR,** | : | **(Conspiracy to Obstruct an Official** |
| (Counts 1, 2, 3, 4, 5, 6) | : | **Proceeding)** |
| | : | |
| **ERIK SCOTT WARNER,** | : | **18 U.S.C. §§ 1512(c)(2), 2** |
| (Counts 1, 2, 4, 5, 8) | : | **(Obstruction of an Official Proceeding and** |
| | : | **Aiding and Abetting)** |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | **18 U.S.C. §§ 231(a)(3), 2** |
| (Counts 1, 2, 4, 5) | : | **(Obstruction of Law Enforcement During** |
| | : | **Civil Disorder and Aiding and Abetting)** |
| **DEREK KINNISON, and** | : | |
| (Counts 1, 2, 4, 5, 7) | : | **18 U.S.C. § 1752(a)(1) and (b)(1)(A)** |
| | : | **(Entering and Remaining in a Restricted** |
| **RONALD MELE,** | : | **Building and Grounds and Carrying a** |
| (Counts 1, 2, 4, 5) | : | **Deadly or Dangerous Weapon)** |
| | : | |
| Defendants. | : | **18 U.S.C. § 1752(a)(2) and (b)(1)(A)** |
| | : | **(Entering and Remaining in a Restricted** |
| | : | **Building and Grounds and Carrying a** |
| | : | **Deadly or Dangerous Weapon)** |
| | : | |
| | : | **18 U.S.C. § 1512(c)(1)** |
| | : | **(Tampering with Documents or** |
| | : | **Proceedings)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(1)(A)** |
| | : | **(Unlawful Possession of a Dangerous** |
| | : | **Weapon on Capitol Grounds and in** |
| | : | **Buildings)** |

## INDICTMENT

The Grand Jury charges that, at all times material to this Indictment, on or about the dates stated below:

## Introduction

### *The 2020 United States Presidential Election and the Official Proceeding on January 6, 2021*

1. The 2020 United States Presidential Election occurred on November 3, 2020.

2. The United States Electoral College ("Electoral College") is a group required by the Constitution to form every four years for the sole purpose of electing the president and vice president, with each state appointing its own electors in a number equal to the size of that state's Congressional delegation.

3. On December 14, 2020, the presidential electors of the Electoral College met in the state capital of each state and in the District of Columbia and formalized the result of the 2020 U.S. Presidential Election: Joseph R. Biden Jr. and Kamala D. Harris were declared to have won sufficient votes to be elected the next president and vice president of the United States.

4. On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate ("the Joint Session") convened in the United States Capitol ("the Capitol") building. The purpose of the Joint Session was to open, count, and resolve any objections to the Electoral College vote of the 2020 U.S. Presidential Election, and to certify the results of the Electoral College vote ("Certification of the Electoral College vote") as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

### *The Attack at the U.S. Capitol on January 6, 2021*

5. The Capitol is secured 24 hours a day by United States Capitol Police ("Capitol Police"). The Capitol Police maintain permanent and temporary barriers to restrict access to the

2

Capitol exterior, and only authorized individuals with appropriate identification are allowed inside the Capitol building.

6.     On January 6,2021, the exterior plaza of the U.S. Capitol was closed to members of the public.

7.     On January 6, 2021, at approximately 1:00 p.m., the Joint Session convened in the Capitol building for the Certification of the Electoral College vote. Vice President Michael R. Pence presided, first in the Joint Session and then in the Senate chamber.

8.     A large crowd began to gather outside the Capitol perimeter as the Joint Session got underway. Crowd members eventually forced their way through, up, and over Capitol Police barricades onto the Capitol grounds and advanced to the building's exterior façade. Capitol Police officers attempted to maintain order and stop the crowd from entering the Capitol building, to which the doors and windows were locked or otherwise secured. Nonetheless, shortly after 2:00 p.m., crowd members forced entry into the Capitol building by breaking windows, ramming open doors, and assaulting Capitol Police officers. Other crowd members encouraged and otherwise assisted the forced entry. The crowd was not lawfully authorized to enter or remain inside the Capitol building or grounds, and no crowd member submitted to security screenings or weapons checks by Capitol Police or other security officials.

9.     Shortly thereafter, at approximately 2:20 p.m., members of the House and Senate (including Vice President Pence) were evacuated from their respective chambers. The Joint Session was halted while Capitol Police and other law-enforcement officers worked to restore order and clear the Capitol building and grounds of the unlawful occupants.

10. Later that night, law enforcement regained control of the Capitol building and grounds. At approximately 8:00 p.m., the Joint Session reconvened, presided over by Vice President Pence, who had remained hidden within the Capitol building throughout these events.

11. In the course of these events, over 100 law enforcement officers were injured. The Capitol suffered over one million dollars in damage—including broken windows and doors, graffiti, and residue from pepper spray, tear gas, and fire extinguishers deployed both by crowd members who stormed the Capitol and by Capitol Police officers trying to restore order. Additionally, many media members were assaulted and had cameras and other news-gathering equipment destroyed.

### *"Three Percenters"*

12. A group of individuals, some of whom associate with militias, identify as "Three Percenters" (also called "III%" or "3%" or "Threepers"), based on their view that only three percent of American colonists took up arms against the British during the American Revolution. Some Three Percenters liken the present-day U.S. Government to British authorities that infringed on civil liberties in the period leading up to and during the American Revolution. Many independent or multi-state militia groups incorporate "III%" in their unit names.

### *Conspirators*

13. ALAN HOSTETTER is a 56-year-old resident of San Clemente, California.

14. RUSSELL TAYLOR is a 40-year-old resident of Ladera Ranch, California.

15. ERIK SCOTT WARNER is a 45-year-old resident of Menifee, California.

16. FELIPE ANTONIO "TONY" MARTINEZ is a 47-year-old resident of Lake Elsinore, California.

17. DEREK KINNISON is a 39-year-old resident of Lake Elsinore, California.

4

18.     RONALD MELE is a 51-year-old resident of Temecula, California.

19.     As described herein, HOSTETTER, TAYLOR, WARNER, MARTINEZ, KINNISON, and MELE conspired with each other, and with others known and unknown, to corruptly obstruct, influence, and impede the Congressional proceeding at the U.S. Capitol on January 6, 2021.

### *The American Phoenix Project*

20.     In Spring 2020, ALAN HOSTETTER ("HOSTETTER") founded the American Phoenix Project to oppose government-mandated restrictions arising from the COVID-19 pandemic. After the 2020 U.S. Presidential election, HOSTETTER, RUSSELL TAYLOR ("TAYLOR") and PERSON ONE used the American Phoenix Project to support former President Donald J. Trump and protest what they asserted was a stolen or fraudulent election result. TAYLOR and PERSON ONE became directors of the American Phoenix Project in the Fall of 2020.

21.     From at least in or around November 2020, HOSTETTER used the American Phoenix Project as a platform to advocate violence against certain groups and individuals that supported the 2020 presidential election results. For example:

        a.     On November 27, 2020, HOSTETTER posted a video of himself on his American Phoenix Project YouTube channel that he had taken previously, while driving from California to Washington D.C. to attend the "Million MAGA March" in support of former President Trump, which took place on November 14, 2020 in Washington, D.C. In the video, HOSTETTER asserted his belief that votes for Trump were "switched" to Biden and otherwise "stolen" and that:

> ...some people at the highest levels need to be made an example of with an execution or two or three. Because when you commit treason against this country

5

and you disenfranchise the voters of this country and you take away their ability to make decisions for themselves, you strip them of their Constitution rights. That's not hyperbole when we call it tyranny, that's fucking tyranny. And tyrants and traitors need to be executed as an example.... I'm going to D.C. I'm going to be there on Saturday for this march. I hope there are a million Patriots there. Between that, that's going to be a shot across the bow of the deep state when they see a million Patriots surrounding that shit hole of a city-- the swamp. Because it's gonna make all those swamp creatures know that at any time we want we'll come back with a million Patriots and we'll surround that city.... There's gonna be a million of us showing up to make this statement here in Washington, D.C., and I'm telling the swamp right now, that we will be back if this doesn't get resolved peacefully and soon....

    b. On December 12, 2020, the American Phoenix Project hosted a "Stop the Steal"

rally at Huntington Beach. At the rally, HOSTETTER gave a speech in which he stated:

[w]e're gonna fix this before this is all over. There must, absolutely must, be a reckoning. There must be justice. President Trump must be inaugurated on January 20th. And he must be allowed to finish this historic job of cleaning out the corruption in the cesspool known as Washington, D.C. The enemies and traitors of America both foreign and domestic must be held accountable. And they will. There must be long prison terms, while execution is the just punishment for the ringleaders of this coup.

TAYLOR also attended this event, and HOSTETTER later posted the video of his speech

to his American Phoenix Project YouTube channel.

    22.    HOSTETTER, TAYLOR and others used Telegram, an encrypted messaging app

that can send messages, photos, videos, and files, to share information regarding the election, to

coordinate travel and to promote American Phoenix Project events. For example, HOSTETTER

owned a private Telegram chat established on November 10, 2020 where participants discussed

plans to travel to Washington D.C. both in November 2020, for the Million Maga March, and in

January 2021, among other things. TAYLOR, KINNISON, and MARTINEZ, among others,

participated in this Telegram chat, which ran from November 10 to December 30, 2020.

6

<u>COUNT ONE</u>
**(Conspiracy to Obstruct Official Proceeding—18 U.S.C. § 1512(k))**

23.     The allegations in paragraphs 1 through 22 are realleged and incorporated as if fully set forth in this paragraph.

24.     Between December 19, 2020 and January 6, 2021, within the District of Columbia and elsewhere, the defendants:

**ALAN HOSTETTER,**
**RUSSELL TAYLOR,**
**ERIK SCOTT WARNER,**
**FELIPE ANTONIO "TONY" MARTINEZ,**
**DEREK KINNISON and**
**RONALD MELE**

together and with others, did conspire to corruptly obstruct, influence, and impede an official proceeding, to wit: the Certification of the Electoral College vote.

**Acts in Furtherance of the Conspiracy**

*December 19, 2020: Intent, Organization, and Initial Planning*
*To Travel to Washington, D.C.*

25.     On December 19, 2020, TAYLOR posted to HOSTETTER's Telegram chat a link to a Tweet that President Trump posted on Twitter earlier that day, which stated, "Statistically impossible to have lost the 2020 Election. Big protest in D.C. on January 6th. Be there, will be wild!" Alongside the link, TAYLOR posted the message, "Who is going?"

26.     On December 19, 2020, HOSTETTER posted from his "americanphoenixproject" Instagram account explaining the reasons to travel to D.C. for January 6, 2021:

> Late last night President Trump tweeted that all patriots should descend on Washington DC on Wednesday 1/6/2021. This is the date of the Joint Session of Congress in which they will either accept or reject the fake/phony/stolen electoral college votes. I will be there, bullhorns on fire, to let the swamp dwellers know we will not let them steal our country from us. I hope you can join me!! #fightfortrump #stopthesteal #savetherepublic

7

27. On December 19, 2020, HOSTETTER and TAYLOR reserved rooms at the Kimpton George Hotel in Washington, D.C. (the "Kimpton") for January 6, 2021 and several days before and after.

28. On December 20, 2020, TAYLOR renamed HOSTETTER's November 10, 2020 Telegram chat as "The California Patriots-Answer the Call Jan 6" (the "Answer the Call" chat).

29. On December 24, 2020, MELE posted to Facebook a message stating that he and three friends were thinking of renting a car to drive cross-country, "arriving January 5 to support our President on the 6th and days to follow just in case." The following day, MELE explained in another Facebook, post, "going to rent a suburban. Team of four rotating eight hours each. Need room for the 'gear.'"

30. On December 25, 2020, MELE made reservations for the nights of January 5 and 6, 2021 at a Courtyard Marriott hotel in downtown Washington, D.C.

31. On December 27, 2020, MELE posted to Facebook, "January 6, 2021—Congress counts the electoral votes Congress meets in joint session to count the electoral votes. The Vice President, as President of the Senate, presides over the count and announces the results of the Electoral College vote. We are going to be there to show support!"

32. On December 28, 2020, WARNER initiated a group text message thread through which WARNER, MELE, KINNISON, and MARTINEZ discussed logistics and expenses for a cross-country road trip from California to Washington, D.C. from January 2 through 9, 2021. That same day, MELE used the text thread to send WARNER, KINNISON, and MARTINEZ a screenshot of an Enterprise car rental reservation confirmation for a premium SUV.

33. On December 29, 2020, MELE posted to Facebook, "Soldiers hitting the highway soon to be in DC on the 6th. Ready up!"

8

34. On the same date, in response to a question about when to be at the Capitol on the morning of January 6, 2021, TAYLOR posted to the Answer the Call Telegram chat, "I personally want to be on the front steps and be one of the first ones to breach the doors!".

35. On December 29, 2021, HOSTETTER and TAYLOR texted each other regarding travel to Washington, D.C.

    a. HOSTETTER texted, "I'll be heading to DC on 12/31. Let's hook up on 12/30 so you can give me your backpack," followed by three hatchet emojis.

    b. TAYLOR responded, "Oh shiz. I need to pack that up. Alan are you bringing firearms?"

    c. HOSTETTER texted back, "NO NEVER (Instagram now monitors all text messages ... this has been a public service announcement)," followed by three emojis of faces laughing with tears coming out of their eyes.

36. On December 30, 2020, KINNISON sent a text message to MELE, WARNER, and MARTINEZ in which he attached a flyer advertising the January 5, 2021 rally outside the Supreme Court, at which TAYLOR, HOSTETTER, and PERSON ONE were named speakers for the American Phoenix Project. After KINNISON sent this message, MELE wrote, "We need to make sure we roll into town earlier on the 5th now," to which KINNISON responded, "We can leave Saturday."

37. On December 30, 2020, TAYLOR posted to his "russ.taylor" Instagram account:

Spread the word to other CALIFORNIA Patriots to join us as we March into the Capitol Jan 6. The Plan right now is to meet up at two occasions and locations: 1. Jan 5th 2pm at the Supreme Court steps for a rally. (Myself, Alan, [and others] will be speaking) 2. Jan 6th early 7am meet in front of the Kimpton George Hotel...we will leave at 7:30am sharp and March (15 mins) to the Capital to meet up with the stop the steal organization and surround the capital. There will be speakers there and we will be part of the large effort for the "Wild Rally" that Trump has asked us all to be part of.

9

38.     On January 1, 2021, TAYLOR created a Telegram chat called "The California Patriots-DC Brigade" (the "DC Brigade") and invited other individuals to join. TAYLOR, HOSTETTER, WARNER, KINNISON, MARTINEZ, and MELE all joined, along with more than 30 others.

39.     In the "about" section that described the purpose of the DC Brigade group, TAYLOR wrote:

This group will serve as the Comms for able bodied individuals that are going to DC on Jan 6. Many of us have not met before and we are all ready and willing to fight. We will come together for this moment that we are called upon.

40.     In a series of messages on January 1, 2021, TAYLOR further explained the purpose of the group. In one message, he explained: "This thread is exclusive to be utilized to organize a group of fighters to have each other's backs and ensure that no one will trample on our rights. Also, if there is key intel that we need to be aware of tor possible threats." He added: "I am assuming that you have some type of weaponry that you are bringing with you and plates as well." TAYLOR also asked members to identify if they had previous law enforcement experience, military experience, or "special skills relevant to our endeavors," as well as the planned date and time of their arrival in D.C.

41.     WARNER, MARTINEZ, MELE and KINNISON all joined the DC Brigade on January 1, 2021.

42.     From January 1 through January 6, 2021, participants used the DC Brigade Telegram chat to identify themselves to each other, to communicate, and to coordinate with each other. TAYLOR, KINNISON, MELE, WARNER, and MARTINEZ all posted to the DC Brigade chat during this time period.

10

43. On January 1, 2021, in his introductory post to the DC Brigade, KINNISON attached a picture of himself, MARTINEZ, and WARNER with the following message: "From left to right, I'm Derek aka midnightrider the short guy, Tony aka blue collar patriot, Erik aka silvir surfer.... We are 3 percent so cal. Also coming with us is redline Ron [MELE]." In the photo, all three are flashing a hand signal that designates affiliation with a Three Percenter group.

44. In a second post on January 1, 2021, KINNISON explained that he, MELE, and WARNER "are part of so cal 3%, we work well and train with each other," and that the group was "[l]eaving tomorrow and driving instead of flying because our luggage would be too heavy. We will have lots of gear from medical kits, radios, multiple cans of bear spray, knives, flags, plates[,] goggles, helmets. . . . I think we should clear all text in this chat the morning of the 5th just in case for opsec purposes."

45. Also on January 1, 2021, TAYLOR asked KINNISON to "take point lead on Comms" for the DC Brigade group. Three minutes later, KINNISON responded "No problem."

46. On January 2, 2021, in a DC Brigade Telegram chat regarding what weapons could be carried in D.C., TAYLOR suggested a "[h]atchet," "[b]at," or "[l]arge metal flashlight" and then stated: "I believe that you can carry most fixed blades just not into the government buildings. Something tells me though if we are inside government buildings it won't be on the top of our list."

### Final Planning and Travel to Washington, D.C.

47. HOSTETTER drove his personal vehicle from California to Washington, D.C. On January 3, 2021, HOSTETTER sent a text message stating: "Finally arrived at the hotel. Just unloaded my gear, Russ [TAYLOR], [PERSON ONE] and my wife's gear."

48. Also on January 3, 2021, in a post from his americanphoenixproject Instagram

11

account, HOSTETTER stated: "Only 3% of Americans actually fought in our War of Independence. There will likely be 3% of us again that will commit fully to this battle but, just as in 1776 patriots will prevail. Things are going to come to a head in the U.S. in the next several days. Stay tuned!"

49.     HOSTETTER checked in to the Kimpton a day early, on January 3, 2021, and checked out on January 8, 2021.

50.     Prior to leaving California for Washington, D.C., KINNISON, MELE, MARTINEZ, and WARNER continued to exchange messages on a group text thread to coordinate and plan their trip. On January 1, 2021, KINNISON sent a text message to MELE, WARNER, and MARTINEZ in which he wrote, "Bring your radios guys." Later that same day, WARNER asked, "Do one of you guys have a clear earpiece for the radio I can use?" In response, KINNISON wrote, "I have an earpiece for you."

51.     On January 2, 2021, KINNISON wrote a text message to MELE, WARNER, and MARTINEZ asking if they were sure they wanted to bring a "shotty" and "another long iron" in the SUV that MELE had rented. MELE responded to the group, "Shorter the better. Mine will be able to be stashed under the seat. I'll bring it. 18"barrel."

52.     On January 2, 2021, KINNISON sent a text message to MELE, WARNER, and MARTINEZ, "Got the bandolier." KINNISON attached a "selfie" photograph that showed KINNISON wearing a bandolier of shotgun ammunition around his body.

53.     On January 2, 2021, KINNISON, MELE, WARNER, and MARTINEZ met at MELE's house in Temecula, California. Before leaving in the SUV, the four men posed for a photograph in which they all made a hand gesture signaling affiliation with a Three Percenter group. They then drove the SUV cross-country, arriving in Washington, D.C. on January 4, 2021.

12

Upon their arrival, MARTINEZ notified the DC Brigade by posting this information to the Telegram group.

54.     On January 3, 2021, when another member of the DC Brigade chat asked the group about what tone to set their radios to, TAYLOR responded: "@midnightriderZ8 [KINNISON] will be point on Comms." On the same date, KINNISON, who was traveling to D.C. at the time, responded with the message: "No tones just 142.422 simplex."

55.     TAYLOR flew from California to Washington D.C. on January 4, 2021 and returned on January 7, 2021, and he stayed at the Kimpton throughout that period.

### *Washington, D.C.: January 5, 2021*

56.     On January 5, 2021, TAYLOR spoke at a Virginia Women for Trump rally in front of the United States Supreme Court as part of a panel of American Phoenix Project speakers. In his speech, he stated:

> I am Russell Taylor and I am a free American. And I stand here in the streets with you in defiance of a communist coup that is set to take over America. But we are awake and we are never going back to sleep. We are free Americans and in these streets, we will fight and we will bleed before we allow our freedom to be taken from us. We declare that we will never bend a knee to the Marxists within Antifa, to the tyrannical Democrat governors who are puppets, and to the deep state commie actors who threaten to destroy America.... But now these anti-Americans have made the fatal mistake, and they have brought out the Patriot's fury onto these streets and they did so without knowing that we will not return to our peaceful way of life until this election is made right, our freedoms are restored, and America is preserved.

57.     At 11:28 pm on January 5, 2021, TAYLOR posted a photo to a chat on another encrypted messaging service showing gear arranged on a bed, including a khaki backpack, black plate-carrier vest, two hatchets, a walkie talkie-type radio, a stun baton, helmet, scarf and a knife. In the caption he wrote, "Now getting ready for tomorrow."

13

58.     On January 5, 2021, members of the DC Brigade posted messages on the chat group to coordinate with each other in Washington, D.C. In one message, a user asked the group, "Any updates on radio?" to which KINNISON responded, "We're using 142.422." MARTINEZ then announced his physical location at "Freedom Plaza," and confirmed, "We're on coms."

### *January 6, 2021: Participation in the Riot at the U.S. Capitol*

59.     In the early morning hours, TAYLOR, HOSTETTER, PERSON ONE, and others known and unknown met in a group in downtown Washington, D.C. to walk to the Ellipse for a rally featuring a speech by President Trump. TAYLOR wore the black plate-carrier vest and carried a knife in a vest pocket. He also carried a backpack containing a stun baton. HOSTETTER and TAYLOR remained outside the secure area of the Ellipse where President Trump was speaking because they were carrying "personal protective gear" that was not allowed inside under Secret Service regulations.

60.     Prior to the rally on the Ellipse, HOSTETTER made plans to "move back to the Capitol" after the events at the Ellipse concluded.

61.     TAYLOR, HOSTETTER, and PERSON ONE congregated with others known and unknown in the crowd on the Mall for the rally.

62.     MELE, MARTINEZ, KINNISON, and WARNER also congregated on the National Mall and posed for a photo there. In the photo, MARTINEZ, KINNISON, and WARNER made a hand signal showing affiliation with a Three Percenter group. MELE and MARTINEZ wore camouflage-print plate-carrier vests.

63.     TAYLOR, HOSTETTER and others known and unknown walked down Pennsylvania Avenue to the Capitol. TAYLOR made a "selfie" video as he walked, in which he stated, "We are on the move. Heading up to the Capitol." In response to a police siren and the

14

sight of officers standing nearby, TAYLOR stated, "We'll see who these guys end up working for." TAYLOR then reiterated, "On the march to the Capitol."

64.     At 2:13 pm, WARNER entered the Capitol Building through a broken window.

65.     At approximately 2:30 pm, TAYLOR and HOSTETTER joined rioters on the lower West Terrace of the Capitol who were pushing through a line of law enforcement officers trying to hold them back. TAYLOR, still carrying a knife in the front chest pocket of his plate carrier vest, urged on rioters attempting to push through another line of officers on a lower level of the West Terrace, saying, "Move forward Americans!" TAYLOR then turned back to the officers a few feet away from him, who were trying to keep the rioters from moving toward the Upper West Terrace and Capitol Building, saying, "Last chance boys. Move back!" TAYLOR, followed closely by HOSTETTER, then pushed through the area that the law enforcement officers had been blocking, moved up the stairs onto a structure erected for the Inauguration, and continued moving on to the Upper West Terrace.

66.     On the Upper West Terrace, HOSTETTER stated, "The people have taken back their house. ... Hundreds of thousands of patriots showed up today to take back their government!" TAYLOR yelled to other rioters, "Inside!", and TAYLOR and HOSTETTER then moved toward the Capitol Building.

67.     At 2:38 pm, MARTINEZ, wearing a plate-carrier vest, and KINNISON, wearing a gas mask, joined rioters in the restricted area on the Upper West Terrace of the Capitol Building.

68.     MELE shot a "selfie" video of the riot on his cell phone from the steps next to the Upper West Terrace and stated, "We stormed the Capitol."

69.     TAYLOR met MARTINEZ and KINNISON on the Upper West Terrace of the Capitol.

15

70. At 6:18 pm, TAYLOR posted to a Telegram chat, "I was pushing through traitors all day today. WE STORMED THE CAPITOL! Freedom was fully demonstrated today!"

71. HOSTETTER posted a photo to his americanphoenixproject Instagram account of himself and TAYLOR taken from the Upper West Terrace of the Capitol in which a crowd of rioters can be seen in the background, with the message: "This was the "shot heard round the world!"…the 2021 version of 1776. That war lasted 8 years. We are just getting started."

72. Between 7:52 and 9:11 pm, TAYLOR sent text messages to several individuals saying that he "stormed the capital," but because he "had weapons," he did not go inside. When asked by one of the individuals with whom he was texting what happens next, TAYLOR responded, "Insurrection!"

(In violation of Title 18, United States Code, Section 1512(k))

## COUNT TWO
### (18 U.S.C. §§ 1512(c)(2), 2—Obstruction of an Official Proceeding and Aiding and Abetting)

73. Paragraphs 1 through 22 and paragraphs 25 through 72 of this Indictment are re-alleged and incorporated as though set forth herein.

74. On January 6, 2021, in the District of Columbia, the defendants,

**ALAN HOSTETTER,**
**RUSSELL TAYLOR,**
**ERIK SCOTT WARNER,**
**FELIPE ANTONIO "TONY" MARTINEZ,**
**DEREK KINNISON and**
**RONALD MELE**

attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, the Certification of the Electoral College vote, and did aid and abet each other and others known and unknown to do the same.

16

(In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.)

## COUNT THREE
### (18 U.S.C. §§ 231(a)(3), 2—Obstruction of Law Enforcement During Civil Disorder and Aiding and Abetting)

75.     Paragraphs 1 through 22 and paragraphs 25 through 72 of this Indictment are re-alleged and incorporated as though set forth herein.

76.     On January 6, 2021, in the District of Columbia, the defendant,

### RUSSELL TAYLOR

committed and attempted to commit an act to obstruct, impede, and interfere with law enforcement officers lawfully engaged in official duties incident to and during the commission of a civil disorder, and did aid and abet others known and unknown to do the same, as set forth in paragraph 65, and the civil disorder obstructed, delayed, and adversely affected the conduct and performance of a federally protected function.

(In violation of Title 18, United States Code, Sections 231(a)(3) and 2)

## COUNT FOUR
### (18 U.S.C. §§ 1752(a)(1), (b)(1)(A)—Restricted Building or Grounds)

77.     Paragraphs 1 through 22 and paragraphs 25 through 72 of this Indictment are re-alleged and incorporated as though set forth herein.

78.     On January 6, 2021, in the District of Columbia, the defendant,

### ALAN HOSTETTER,
### RUSSELL TAYLOR,
### ERIK SCOTT WARNER,
### FELIPE ANTONIO "TONY" MARTINEZ,
### DEREK KINNISON and
### RONALD MELE

did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the Capitol and its grounds, where the Vice President was

17

temporarily visiting, without lawful authority to do so. In so doing, TAYLOR, during and in relation to the offense, did carry a deadly and dangerous weapon, that is, a knife.

(In violation of Title 18, United States Code, Sections 1752(a)(1) and (b)(1)(A))

## COUNT FIVE
### (18 U.S.C. §§ 1752(a)(2), (b)(1)(A)—Restricted Building or Grounds)

79.     Paragraphs 1 through 22 and paragraphs 25 through 72 of this Indictment are re-alleged and incorporated as though set forth herein.

80.     On January 6, 2021, in the District of Columbia and elsewhere, the defendants,

**ALAN HOSTETTER,
RUSSELL TAYLOR,
ERIK SCOTT WARNER,
FELIPE ANTONIO "TONY" MARTINEZ,
DEREK KINNISON and
RONALD MELE**

did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions. In so doing, TAYLOR, during and in relation to the offense, did carry a deadly and dangerous weapon, that is, a knife.

(In violation of Title 18, United States Code, Sections 1752(a)(2) and (b)(1)(A))

## COUNT SIX
### (40 U.S.C. § 5104(e)(1)(A)—Unlawful Possession of a Dangerous Weapon on Capitol Grounds or Buildings)

81.     Paragraphs 1 through 22 and paragraphs 25 through 72 of this Indictment are re-alleged and incorporated as though set forth herein.

18

On January 6, 2021, in the District of Columbia, the defendant,

**RUSSELL TAYLOR,**

without authorization by regulations prescribed by the Capitol Police Board, carried and had readily accessible a dangerous weapon, that is, a knife having a blade over three inches in length, on the United States Capitol Grounds and in any of the Capitol Buildings.

(In violation of Title 40, United States Code, Section 5104(e)(1)(A))

## COUNT SEVEN
### (18 U.S.C. § 1512(c)(1)—Tampering with Documents or Proceedings)

82.     Paragraphs 1 through 22 and paragraphs 25 through 72 of this Indictment are re-alleged and incorporated as though set forth herein.

83.     On January 6, 2021, the Washington, D.C. Field Office of the Federal Bureau of Investigation ("FBI") opened an investigation into the attack on the Capitol, and a grand jury of the United States District Court for the District of Columbia subsequently opened an investigation.

84.     Between January 6, 2021, and February 19, 2021, in the District of Columbia and elsewhere, the defendant,

**DEREK KINNISON,**

did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempted to do so, with the intent to impair its integrity and availability for use in an official proceeding, that is, KINNISON erased and obscured the DC Brigade Telegram chat from his cell phone to hide it from the grand jury investigation into the attack on the Capitol on January 6, 2021.

(In violation of Title 18, United States Code, Section 1512(c)(1))

19

## COUNT EIGHT
### (18 U.S.C. § 1512(c)(1)—Tampering with Documents or Proceedings)

85.     Paragraphs 1 through 22 and paragraphs 25 through 72 of this Indictment are re-alleged and incorporated as though set forth herein.

86.     Between January 6, 2021, and February 19, 2021, in the District of Columbia and elsewhere, the defendant,

### ERIK WARNER,

did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempted to do so, with the intent to impair its integrity and availability for use in an official proceeding, that is, WARNER erased and obscured the DC Brigade Telegram chat from his cell phone to hide it from the grand jury investigation into the attack on the Capitol on January 6, 2021.

(In violation of Title 18, United States Code, Section 1512(c)(1))

A TRUE BILL

FOREPERSON

Channing D. Phillips /ff

CHANNING D. PHILLIPS
ACTING U.S. ATTORNEY FOR THE UNITED STATES
IN AND FOR THE DISTRICT OF COLUMBIA

20

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

Alan Hostetter

Defendant.

Southern Division

Case #: 8:21-MJ-00407
Initial App. Date: 06/10/2021
Time: 02:00 PM

Out of District
Affidavit
Custody

Date Filed: 06/10/2021
Violation: 18 U.S.C. 1512(k); 1512(c)(2), 2;
1752(a)(1); 1752(a)(2)
CourtSmart/Reporter: Sharon Seffens

**PROCEEDINGS HELD BEFORE UNITED STATES
MAGISTRATE JUDGE: Autumn D. Spaeth**

**CALENDAR/PROCEEDINGS SHEET
LOCAL/OUT-OF-DISTRICT CASE**

**PRESENT:**

Kristee Hopkins

*Deputy Clerk*

Paul LeBlanc

*Assistant U.S. Attorney*

/ None

*Interpreter/Language*

☑ Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations; see General Order 21-02 (written order).

☑ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and ☑ removal hearing / Rule 20.

☑ Defendant states true name is as charged.

☑ Attorney: Bilal Essayli and ☑ Retained

☑ BAIL FIXED AT $20,000.00 Unsecured Appearance Bond **(SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS.)**

☑ Defendant executed Waiver of Rights.

☑ Court ORDERS defendant Held to Answer to District of Columbia
☑ Bond to transfer, if bail is posted. Defendant to report on or before June 14, 2021 at 1pm EST by Zoom.
☑ Defendant committed to the custody of the U.S. Marshal

☑ RELEASE ORDER NO: 39732

Deputy Clerk Initials: kh
00 : 29

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **Alan Hostetter**      Case No. **8:21-MJ-00407**

■ Defendant    ☐ Material Witness

Violation of Title and Section: **18 U.S.C. 1512(k); 1512(c)(2), 2; 1752(a)(1); 1752(a)(2)**

☐ Summons    ■ Out of District    ☐ **UNDER SEAL**    ☐ Modified Date:

---

*Check only one of the five numbered boxes below (unless one bond is to be replaced by another):*

1. ☐ Personal Recognizance *(Signature Only)*

2. ☒ Unsecured Appearance Bond
   $ 20,00.00

3. ☐ Appearance Bond
   $ _____

   (a). ☐ Cash Deposit *(Amount or %) (Form CR-7)*

   (b). ☐ Affidavit of Surety Without
        Justification *(Form CR-4)* Signed by:
   _____
   _____
   _____
   _____
   _____
   _____
   _____

   (c). ☐ Affidavit of Surety With Justification
        *(Form CR-3)* Signed by:
   _____
   _____
   _____

   ☐ With Full Deeding of Property:

   4. ☐ Collateral Bond in the Amount of *(Cash or Negotiable Securities)*:
      $ _____
   5. ☐ Corporate Surety Bond in the Amount of:
      $ _____

   Release No.
   **39732**

   ☐ **Release to Pretrial ONLY**
   ☐ **Release to Probation ONLY**
   ◉ Forthwith Release
   _____

   ◉ All Conditions of Bond
   *(Except Clearing-Warrants Condition)* Must be Met and Posted by:
   *June 16, 2021*

   ☐ Third-Party Custody Affidavit *(Form CR-31)*

   ■ Bail Fixed by Court:
   **ADS** / kh
   *(Judge / Clerk's Initials)*

---

## PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

■ Submit to: ■ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
   ***(The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency.")***

■ Surrender all passports and travel documents to Supervising Agency no later than  June 16, 2021  , sign a Declaration re Passport and Other Travel Documents *(Form CR-37)*, and do not apply for a passport or other travel document during the pendency of this case.

☐ Travel is restricted to _____ unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

☐ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

☐ Maintain or actively seek employment and provide proof to Supervising Agency. ☐ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: _AH_    Date: 6/10/2021

■ Defendant    ☐ Material Witness

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or

   witness in the subject investigation or prosecution, ☐ including but not limited to _____

_____ ; ☐ except _____ .

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence

   of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present:

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ In order to determine compliance,

   you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your

   own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree

   to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining

   permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and

   requirements of the program.  You must pay all or part of the costs for treatment based upon your ability to pay as determined by

   Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ In order to determine compliance, you agree to

   submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or

   designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as

   prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency.

   You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs

   of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by

   Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☐ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising

   Agency, which ☐ **will** or ☐ **will not** include a location monitoring bracelet. You must pay all or part of the costs of the program based

   upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment.

     ☐ Location monitoring only - no residential restrictions;

         **-or-**

     ☐ You are restricted to your residence every day:

         ☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.

         ☐ as directed by Supervising Agency;

         **-or-**

Defendant's Initials: _____   Date: _____

☑ Defendant     ☐ Material Witness

☐ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and

_____ , all of which must be preapproved by Supervising Agency;

☐ **Release to PSA only** ☐ **Release to USPO only**

☐ You are placed in the third-party custody (*Form CR-31*) of _____ .

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency.   ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☐ Other conditions:

_____

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _____     Date: 6/10/2021

☑ Defendant        ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

6/10/2021
Date

Signature of Defendant / Material Witness

(949) 429-9134
Telephone Number

*City and State (**DO NOT INCLUDE ZIP CODE**)*

☐ **Check if interpreter is used:** I have interpreted into the _____ language this entire form
and have been told by the defendant that he or she understands all of it.

_____        _____
*Interpreter's Signature*        *Date*

Approved: _____        _____
*United States District Judge / Magistrate Judge*        *Date*

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: _____        Date: 6/10/2021

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | | CASE NUMBER: |
|---|---|---|
| | PLAINTIFF | 8: 21-407 M |
| v. | | |
| ALAN HOSTETTER | | **WAIVER OF RIGHTS** |
| | DEFENDANT. | **(OUT OF DISTRICT CASES)** |

**FILED CLERK, U.S. DISTRICT COURT**
**JUN 1 0 2021**
**CENTRAL DISTRICT OF CALIFORNIA**
**BY _____ DEPUTY**

   I understand that charges are pending in the _____ District of ___COLUMBIA___
alleging violation of __18 USC 1512 et al.__ and that I have been arrested in this district and
<span>*(Title and Section / Probation / Supervised Release)*</span>
taken before a United States Magistrate Judge, who has informed me of the charge(s) and my rights to:

    (1)    have an identity hearing to determine whether I am the person named in the charges;

    (2)    arrival of process;

*-Check one only-*

☒   **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**

    (3)    have a preliminary hearing (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and

    (4)    request transfer of the proceedings to this district under Rule 20, Fed.R.Crim.P., in order to plead guilty.

☐   **PROBATION OR SUPERVISED RELEASE CASES:**

    (3)    have a preliminary hearing (if the violation charged allegedly occurred in this district, and I am held in custody solely on that charge) under Rule 32.1(b), Fed.R.Crim.P., to determine whether there is probable cause to believe I have violated the terms of my probation/supervised release.

## I HEREBY WAIVE (GIVE UP) MY RIGHT(S) TO:

☐   have an identity hearing

☒   arrival of process

☒   have a preliminary hearing

☒   have an identity hearing, and I have been informed that I have no right to a preliminary hearing

☐   have an identity hearing, but I request that a preliminary hearing be held in the prosecuting district.

_____
Defendant

_____
Defense Counsel

Date: __6/10/2021__

_____
United States Magistrate Judge
**AUTUMN D. SPAETH**

I have translated this Waiver to the defendant in the _____ language.

Date: _____

_____
Interpreter(if required)

M-14 (09/09)         **WAIVER OF RIGHTS (OUT OF DISTRICT CASES)**

FILED
CLERK, U.S. DISTRICT COURT

JUN 1 0 2021

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | CASE NUMBER: |
|---|---|
| PLAINTIFF | 8:21 - 407M |
| v. | |
| ALAN HOSTETTER | **DECLARATION RE PASSPORT AND OTHER TRAVEL DOCUMENTS** |
| DEFENDANT. | |

I, _____ALAN HOSTETTER_____, declare that
*(Defendant/Material Witness)*

☐ I have never been issued any passport or other travel document by any country. I will not apply for a passport or other travel document during the pendency of this case.

☒ I have been issued a passport or other travel document(s). I will surrender my passport and all other travel document(s) issued to me to the U.S. Pretrial Services Agency by the deadline imposed. I will not apply for a passport or other travel document during the pendency of this case.

☐ I am unable to locate my passport(s) or other travel document(s). If I locate any passport or other travel document issued to me, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case.

☐ My passport and all other travel documents issued to me are in the possession of federal authorities. If any such document is returned to me during the pendency of this case, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____10_____ day of _____JUNE_____, 20 _21_
at _____SANTA ANA, CA_____
*(City and State)*

_____
*Signature of Defendant/Material Witness*

If the declarant is not an English speaker, include the following:

I, _____, am fluent in written and spoken English and _____
languages. I accurately translated this form from English into _____
to declarant _____ on this date.

Date: _____   _____
*Interpreter*

CR-37 (05/15)                DECLARATION RE PASSPORT AND OTHER TRAVEL DOCUMENTS

## United States Probation & Pretrial Services

United States District Court
Central District of California



Kiry K. Gray
District Court Executive / Clerk of Court

Michelle A. Carey
Chief Probation & Pretrial Services Officer

PACTS No: 7476321

**Passport Receipt**

**FILED**
CLERK, U.S. DISTRICT COURT

6/11/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DTA _____ DEPUTY

Defendant Name: Hostetter, Alan

Name on passport, if different:

Country of Origin: USA

Date passport issued: 06/09/2015

Expiration date of passport: 06/08/2025

Ordered by court in the Central District of California or Southern District of California

Docket Number: 8:21-00407M

ALAN HOSTETTER

_____
Surrendered By

6/11/2021
Date

Nick Cuellar
_____
Received By

06/11/2021
Date

_____
Returned To

_____
Date

_____
Returned By

_____
Date

Purpose Returned

Address (if mailed)

# 528954803

Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Suite 4170, Santa Ana, CA 92701-4596 / 714-338-4550 phone,
714-338-4570 fax

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **Alan Hostetter**          Case No. 8:21-MJ-00407

☐ **Defendant**     ☐ Material Witness

Violation of Title and Section: **18 U.S.C. 1512(k); 1512(c)(2), 2; 1752(a)(1); 1752(a)(2)**

☐ Summons   ■ Out of District   ☐ **UNDER SEAL**   ☐ Modified Date: _____

*Check only one of the five numbered boxes below (unless one bond is to be replaced by another):*

| | |
|---|---|
| 1. ☐ Personal Recognizance (*Signature Only*) | (c). ☐ Affidavit of Surety With Justification (*Form CR-3*) Signed by: |
| 2. ☒ Unsecured Appearance Bond <br> $ 20,00.00 | |
| 3. ☐ Appearance Bond <br> $ _____ | |
| (a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*) | ☐ With Full Deeding of Property: |
| (b). ☐ Affidavit of Surety Without Justification (*Form CR-4*) Signed by: | |
| | 4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*): $ _____ |
| | 5. ☐ Corporate Surety Bond in the Amount of: $ _____ |

Release No. **39732**

☐ **Release to Pretrial ONLY**
☐ **Release to Probation ONLY**
● Forthwith Release

● All Conditions of Bond (*Except Clearing-Warrants Condition*) Must be Met and Posted by: **June 16, 2021**

☐ Third-Party Custody Affidavit (*Form CR-31*)

■ Bail Fixed by Court:
ADS / kh
(*Judge / Clerk's Initials*)

## PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

■ Submit to: ■ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO. (***The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."***)

■ Surrender all passports and travel documents to Supervising Agency no later than  June 16, 2021          , sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

☐ Travel is restricted to _____ unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

☐ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

☐ Maintain or actively seek employment and provide proof to Supervising Agency. ☐ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: *AH*   Date: 6/10/2021

**Case Name:** United States of America v. Alan Hostetter     Case No. 8:21-MJ-00407

■ Defendant    ☐ Material Witness

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____

_____ ; ☐ except _____.

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present:

_____ .

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☐ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising Agency, which ☐ **will** or ☐ **will not** include a location monitoring bracelet. You must pay all or part of the costs of the program based upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment.

    ☐ Location monitoring only - no residential restrictions;

      **-or-**

    ☐ You are restricted to your residence every day:

       ☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.

       ☐ as directed by Supervising Agency;

      **-or-**

Defendant's Initials: _____    Date: _____

■ Defendant    ☐ Material Witness

☐ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and

_____ , all of which must be preapproved by Supervising Agency;

☐ **Release to PSA only**  ☐ **Release to USPO only**

☐ You are placed in the third-party custody (*Form CR-31*) of _____ .

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days
of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except
as approved by Supervising Agency.   ☐ In order to determine compliance, you agree to submit to a search of your person
and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than
the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children
under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare
facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search
of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S.
Marshal.

☐ Other conditions:

_____

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as
may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other
United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or
direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number,
so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not
tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be
subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _____  Date: _____

☑ Defendant          ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

6/10/2021
_Date_

_Signature of Defendant / Material Witness_

(949)429-9134
_Telephone Number_

_City and State (**DO NOT INCLUDE ZIP CODE**)_

☐ **Check if interpreter is used**: I have interpreted into the _____ language this entire form
and have been told by the defendant that he or she understands all of it.

_Interpreter's Signature_                                                    _Date_

Approved: DOUGLAS F. McCORMICK                    6/17/2021
_United States District Judge / Magistrate Judge_     _Date_

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: _____     Date: 6/10/2021

CLOSED,PASPRT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CRIMINAL DOCKET FOR CASE #: 8:21-mj-00407-DUTY All Defendants

Case title: USA v. Hostetter

Date Filed: 06/10/2021

Date Terminated: 06/10/2021

---

Assigned to: Duty Magistrate Judge

### Defendant (1)

**Alan Hostetter**
*TERMINATED: 06/10/2021*

represented by **Bilal Essayli**
Essayli and Brown LLP
18191 Von Karman Avenue, Suite 100
Irvine, CA 92612
949-508-2982
Email: bessayli@essaylibrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts                                       ### Disposition

None

### Highest Offense Level (Opening)

None

### Terminated Counts                                    ### Disposition

None

### Highest Offense Level (Terminated)

None

### Complaints                                           ### Disposition

None

---

### Plaintiff

**USA**

represented by **US Attorney's Office**
AUSA - Office of US Attorney
411 W 4th Street Suite 8000

Santa Ana, CA 92701-4599
714-338-3500
Email: USACAC.SACriminal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/10/2021 | 1 | AFFIDAVIT RE: OUT-OF-DISTRICT WARRANT (Rule 5(c)(3)) filed as to defendant Alan Hostetter, originating in the District of Columbia. Defendant charged in violation of: 18:512(k); 1512(c)(2), 2; 1752(a)(1); 1752(a)(2). Signed by agent Jessica Salo, FBI; Special Agent. (ja) (Entered: 06/14/2021) |
| 06/10/2021 | 2 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Alan Hostetter; defendants Year of Birth: 1964; date of arrest: 6/10/2021 (ja) (Entered: 06/14/2021) |
| 06/10/2021 | 3 | Defendant Alan Hostetter arrested on warrant issued by the USDC District of Columbia at Washington, D.C.. (Attachments: # 1 Charging Document)(ja) (Entered: 06/14/2021) |
| 06/10/2021 | 4 | MINUTES OF ARREST ON OUT OF DISTRICT WARRANT held before Magistrate Judge Autumn D. Spaeth as to Defendant Alan Hostetter. Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations; see General Order 21-02 (written order). Defendant arraigned and states true name is as charged. Attorney: Bilal Essayli for Alan Hostetter, Retained, present. Court orders bail set as: Alan Hostetter (1) $20,000 Unsecured Appearance Bond, SEE ATTACHED BOND FOR TERMS AND CONDITIONS. Defendant remanded to the custody or currently in the custody of the US Marshal. Court orders defendant held to answer to District of Columbia. Bond to Transfer. Defendant ordered to report on 6/14/21 at 1 PM EST by Zoom. Release Order No 39732. Court Reporter: Sharon Seffens. (ja) (Entered: 06/14/2021) |
| 06/10/2021 | 5 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Plaintiff USA as to Defendant Alan Hostetter. (ja) (Entered: 06/14/2021) |
| 06/10/2021 | 6 | DECLARATION RE: PASSPORT filed by Defendant Alan Hostetter, declaring that I have been issued a passport or other travel document(s), but they are not currently in my possession. I will surrender any passport or other travel document(s) issued to me, to the U.S. Pretrial Services Agency by the deadline imposed. I will not apply for a passport or other travel document during the pendency of this case. (ja) (Entered: 06/14/2021) |
| 06/10/2021 | 7 | DESIGNATION AND APPEARANCE OF COUNSEL; filed by Bilal Essayli appearing for Alan Hostetter (ja) (Entered: 06/14/2021) |
| 06/10/2021 | 9 | WAIVER OF RIGHTS approved by Magistrate Judge Autumn D. Spaeth as to Defendant Alan Hostetter. (ja) (Entered: 06/14/2021) |
| 06/11/2021 | 8 | PASSPORT RECEIPT from U. S. Pretrial Services as to Defendant Alan Hostetter. USA passport was received on 6/11/21. (ja) (Entered: 06/14/2021) |
| 06/14/2021 | | Notice to District of Columbia of a Rule 5 Initial Appearance as to Defendant Alan Hostetter. Your case number is: 21CR392. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: 4 Initial Appearance - Arrest on Out of District Warrant - Rule 5(c)(3) (fka Rule 40). The Clerk will forward the passport to you If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (ja) (Entered: 06/14/2021) |
| 06/17/2021 | 10 | BOND AND CONDITIONS OF RELEASE filed as to Defendant Alan Hostetter |

| | | conditions of release: $20,000 Unsecured Appearance Bond (SEE BOND CONDITIONS) approved by Magistrate Judge Douglas F. McCormick. (cio) (Entered: 06/21/2021) |
|---|---|---|
| 06/21/2021 | | Notice to District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Defendant Alan Hostetter. Your case number is: 21CR392. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: 10 Bond and Conditions (CR-1). If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (cio) (Entered: 06/21/2021) |