UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :  Case No. 21-CR-392 (RCL) |
| | : |
| ALAN HOSTETTER, et. al., | : |
| | : |
| Defendants. | : |

**UNITED STATES'S RESPONSE TO MOTIONS TO SEVER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Erik Scott Warner's Motion To Sever, *see* ECF No. 165. The United States believes severance for trial is appropriate into two distinct trial groups: Trial Group One to include Alan Hostetter and, to the extent his case is not resolved, Russell Taylor; and Trial Group Two to include Erik Scott Warner, Felipe Antonio Martinez, Derek Kinnison, and Ronald Mele.

**I.    PROCEDURAL HISTORY**

On December 6, 2021, Defendant Alan Hostetter filed a Motion To Sever. *See* ECF No. 100. On January 7, 2022, the United States opposed the motion to sever. *See* ECF No. 109. In that filing, the United States set out the factual and legal background pertinent to the analysis of that motion to sever. *See id.* More recently, Defendant Erik Scott Warner filed a Motion for Severance on January 27, 2023. *See* ECF No. 165. Rather than seeking his own trial, apart from all other codefendants, Defendant Warner's motion was for "a separate trial . . . for him apart from co-defendant Alan Hostetter." *Id.* at 1. On February 20, 2023, Defendant Derek Kinnison filed a Motion To Adopt and Supplement Motion To Sever Defendants. *See* ECF No. 173. Like Defendant Warner, Defendant Kinnison seeks the "[s]everance of Mr. Hostetter." *Id.* at 2.

1

The deadline for defendants to file motions to sever was March 10, 2023. Neither Defendant Felipe Antonio Martinez nor Defendant Ronald Mele filed their own motion or joined any codefendant's motion. On March 13, 2023, the United States reached out to counsel for Defendants Martinez and Mele to solicit their position on severance of Defendant Hostetter. Counsel for Defendant Martinez confirmed that Defendant Martinez does not opposing severing Defendant Hostetter. The United States has reached out to counsel for Defendant Mele on March 13, March 15, March 17, and March 22, by email and by phone, and has not received a response from Defendant Mele regarding his position on severance of Defendant Hostetter.

At a December 2, 2022 status hearing, Defendant Hostetter stated his desire to waive a jury trial and proceed with a bench trial. On February 5, 2023, Defendant Hostetter filed a Waiver of Trial by Jury form, which was unsigned by any representative from the United States. *See* ECF No. 168. The Court's Pretrial Scheduling Order required that "[i]f any Defendant wishes not to proceed by jury trial, that Defendant shall file a written waiver of jury trial, as required by Federal Rule of Criminal Procedure 23(a), by March 10, 2023" and noted that "the United States shall state its consent or file any opposition by March 24, 2023."[1] ECF No. 167, at 1. No other defendant filed a written waiver of jury trial.

II. **ARGUMENT**

Following discussions with defense counsel, and in light of Defendant Hostetter's preference for a bench trial, the United States submits that severance of this matter into two trial groups would be prudent. The United States proposes severance for trial into two trial groups:

---

[1] Federal Rule of Criminal Procedure 23(a) states that "If the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a).

Trial Group One to include Alan Hostetter and Russell Taylor[2]; and Trial Group Two to include Erik Scott Warner, Felipe Antonio Martinez, Derek Kinnison, and Ronald Mele.

While the United States anticipates introducing evidence that all defendants conspired together to obstruct Congress, severance in the proposed manner will keep each defendant grouped with his most closely associated codefendants. In particular, much of the planning for the events of January 6, 2021 took place within the proposed designated groups. Specifically, for example, Defendants Hostetter and Taylor worked closely together on the American Phoenix Project, inter alia, to help promote efforts to overturn the 2020 presidential election results. *See* Indictment (ECF No. 89), at ¶¶ 20–21. Meanwhile, Defendants Warner, Martinez, Kinnison, and Mele all trained together as members of "so cal 3%," *see id.* at ¶¶ 43–44, and traveled together to Washington, D.C. for January 6, *see id.* at ¶¶ 32, 50–53. On January 6, 2021 itself, Defendants Hostetter and Taylor typically moved in tandem with one another from one location to the next throughout the day; Defendants Warner, Martinez, Kinnison, and Mele likewise moved as a group throughout portions of January 6, 2021, though they also separated for parts of the day.

To be clear, the United States anticipates that severance may involve some trial inefficiency in that it will be necessary to present testimony relevant to both groups twice. In particular, since

---

[2] As noted in a separate filing, *see* ECF No. 182, the United States and Defendant Russell Taylor have reached an in principle agreement for the pretrial disposition of this matter as it relates to Defendant Taylor. While a plea has not yet been entered, the United States expects, given the agreement in principle, that the proposed severance will allow Defendant Hostetter to proceed to trial alone, in a bench trial, per his stated preference. To the extent Defendant Taylor does not enter a guilty plea, the United States still submits that the proposed severance is prudent. However, in that case, the United States would consent to a bench trial only where all defendants in a particular trial group agree to waive jury trial. Defendant Taylor has not taken a position on his right to a jury trial because he has sought a change of plea. The United States thus respectfully requests that it be permitted to respond to Defendant Hostetter's proposed written waiver of jury trial after Defendant Taylor's plea is taken. *See* ECF No. 167 (setting March 24, 2023 as the date for the United States's response to a defendant's proposed waiver of jury trial).

all defendants participated in the "California Patriots-DC Brigade" Telegram group, the United States anticipates introducing relevant messages from this group in both trials. Relatedly, regardless of severance, the United States will seek the prove at trial that all indicted defendants are legally and factually coconspirators—such that statements of any defendant in furtherance of their conspiracy will be admissible at trial against all defendants, *see* Fed. R. Evid. 801(d)(2)(E).

As a technical matter, the United States stands by its previous argument regarding severance. For the reasons stated in its prior filing, *see* ECF No. 109, the defendants are properly joined pursuant to Rule 8(b), and severance is not mandated under Rule 14(a). Nevertheless, the United States submits that the proposed severance is prudent in that the division reflects the most closely associated trial groups, and, if Defendant Taylor pleads as anticipated, severance would further accommodate Defendant Hostetter's preference for a bench trial—a preference that cannot be accommodated without severance because his codefendants are all exercising their constitutional rights to a jury trial.

For the foregoing reasons, the United States respectfully requests that the Court sever this matter into two trial groups—with (i) Trial Group One including Defendants Alan Hostetter and Russell Taylor, and (ii) Trial Group Two including Defendants Erik Scott Warner, Felipe Antonio "Tony" Martinez, Derek Kinnison, and Ronald Mele. The United States notes that the Court's Pretrial Scheduling Order, *see* ECF No. 167, includes a series of upcoming deadlines, which will require all parties to meet and confer and make filings to the Court. If the requested relief is

granted, the United States will work with the Trial Group Two defendants to expeditiously propose a pretrial schedule and new trial date.

Date: March 24, 2023

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY
                                      D.C. Bar No. 481052

By: _____
                                      ANTHONY W. MARIANO
                                      MA Bar No. 688559
                                      THOMAS T. BALLANTINE
                                      CA Bar No. 208193
                                      JASON M. MANNING
                                      NY Bar No. 4578068
                                      Trial Attorneys, Detailees
                                      Capitol Siege Section
                                      United States Attorney's Office
                                      for the District of Columbia
                                      601 D Street N.W.
                                      Washington, DC 20530
                                      (202) 476-0319
                                      Anthony.Mariano2@usdoj.gov
                                      (202) 532-3048
                                      Thomas.Ballantine@usdoj.gov
                                      (202) 514-6256
                                      Jason.Manning@usdoj.gov