UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-392-1 (RCL) |
| | : | |
| ALAN HOSTETTER, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES'S REPLY ON OMNIBUS MOTIONS *IN LIMINE*
AND REQUEST FOR STATUS CONFERENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply in support of its omnibus motions *in limine*, *see* ECF No. 205. Through this filing, the United States also requests a telephonic status conference be held as soon as practicable to discuss the defendant's filing.

As a matter of law, the defendant's Opposition to Government's Omnibus Motions *in Limine*, ECF No. 212, despite its title, offers nothing responsive to the motions filed by the United States. The United States stands on its previous filing, and the Court should grant the pending motions *in limine* in their entirety.

The defendant's filing raises serious concerns about the defendant's intentions regarding the upcoming trial. In its omnibus motions *in limine*, the United States sought to exclude many of the defendant's conspiracy theories at trial: "The defendant should not be permitted to make the courtroom into a circus with baseless and irrelevant conspiracy theories. His claims are unsubstantiated, distracting, and, in the absence of any evidence, irrelevant." ECF No. 205, at 26; *see also id.* at 24–26, 28–29. The defendant's filing shows exactly the type of sideshow the United States is seeking to prevent. Accordingly, the United States requests that the Court, as soon as practicable, schedule a telephonic status conference, where the Court may set out its expectations

1

regarding the admissibility of the defendant's arguments, so that he may adequately prepare for trial.

The defendant's filing is illustrative of the government's concerns. The defendant's response, which he admits is "as much for public consumption as" it is "for this court," ECF No. 212, at 2, does not offer legal arguments or, with few exceptions, meaningful arguments regarding the facts of his case. Instead, it is a disorganized and purposeless journey through the history of 20th and 21st century American conspiracy theories.[1] For thirty of forty-six pages, the defendant offers rhetorical questions regarding matters such as the assassination of President John F. Kennedy, *id.* at 2; the firing of Tucker Carlson, *id.* at 2, 13, 24; the collapse of 7 World Trade Center on September 11, 2001, *id.* at 2, 24, 26; occult symbols in the Wizard of Oz, *id.* at 8; the secret society Skull and Bones, *id.* at 24; and the censoring of Facebook, Instagram, and Twitter accounts, *id.* at 27. The defendant also discussed, at length, conspiracy theories regarding the January 6, 2021 riot at the U.S. Capitol building; but even here, the defendant's claims are unfounded and irrelevant to the case against him. More troublingly, the defendant's filing also discusses certain members of law enforcement by name and includes a reference to the family of a cooperating witness. *See id.* at 15–16, 37–39.

The defendant has a right to represent himself, even if it is "ultimately to his own detriment." *Faretta v. California*, 422 U.S. 806, 834 (1975). On October 14, 2021, the Court held a motion hearing, in which it discussed with the defendant his motion to proceed pro se. In that

---

[1] The defendant asks in his filing that he "not be labeled a 'conspiracy theorist' . . . by opposing counsel." ECF No. 212, at 29. The United States did not use that phrase in its prior filing and has not used it here. However, the defendant's offerings to this Court—both in his Motion To Dismiss, ECF No. 99, and Opposition to Government's Omnibus Motions *in Limine*, ECF No. 212— promote unfounded conspiracy theories, and do so, expressly, "for public consumption." ECF No. 212, at 2. Regardless of terminology, his claims of grand conspiracies against him are untrue, based on pure speculation, and should be excluded.

hearing, the Court advised the defendant that it had "never seen pro se defendants actually succeed," ECF No. 82, at 4:14–15, and that even Your Honor "would never represent [your]self if . . . charged with a crime." *Id.* at 4:20–21. The Court further advised the defendant that the rules "will not be relaxed for [his] benefit" because he proceeds pro se. *Id.* at 10:1–5. The Court continued to advise the defendant:

> I must advise you that in my opinion a trained lawyer would defend you in a far better way than you could defend yourself. I think it is unwise for you to try to represent yourself. You're not that familiar with the law, even though you've been a police officer. You're not familiar with court procedure. You're not that familiar with the Rules of Evidence. I strongly urge you not to try to represent yourself.

*Id.* at 10:17–24. Nevertheless, the defendant chose to proceed as his own counsel, and he made that decision voluntarily. *Id.* at 10:25–11:7.

On October 28, 2021, the Court found that the defendant knowingly and voluntarily waived his right to counsel and granted his motion to do so. *See* ECF No. 83. The United States agrees with the Court that the defendant's waiver was knowing and voluntarily, and that the defendant is competent to represent himself. The defendant has experience as a law enforcement professional and attended a police academy. ECF No. 82, at 6:17–25; *see also id.* at 7:11–14. The defendant is entitled to represent himself if that is his competent, knowing, and voluntary choice, as it is here. *See Faretta*, 422 U.S. at 817 (embracing the "nearly universal conviction, on the part of our people as well as our courts, that forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so").

The defendant's right to represent himself, however, "is not a license to abuse the dignity of the courtroom," *Faretta*, 422 U.S. at 834 n.46, and the defendant should not be permitted to make the trial into a circus "for public consumption," ECF No. 212, at 2. Although "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and

obstructionist misconduct," *Faretta*, 422 U.S. 834 n.46, the United States is not arguing that the defendant's pretrial conduct justifies such a remedy at this point. Nevertheless, the United States submits that a status conference to discuss this recent filing and the anticipated trial presentation would be appropriate to ensure the defendant understands the restrictions on the presentation of irrelevant evidence and unfounded speculation at trial—particularly when the privacy and security interests of other persons are at stake.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court (1) grant the pending motions *in limine* in their entirety, and (2) schedule a telephonic status conference as soon as practicable to discuss the defendant's filing and the pending trial.

Date: May 22, 2023

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   */s/ Anthony W. Mariano*
ANTHONY W. MARIANO, MA Bar No. 688559
JASON M. MANNING, NY Bar No. 4578068
Trial Attorneys, Detailees
Capitol Siege Section
United States Attorney's Office
for the District of Columbia
601 D Street N.W.
Washington, D.C. 20530
(202) 476-0319
Anthony.Mariano2@usdoj.gov
(202) 514-6256
Jason.Manning@usdoj.gov