UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-392 (RCL) |
| | : | |
| ALAN HOSTETTER, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE REGARDING ANTICIPATED TRIAL EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

Defendant Alan Hostetter, together with others, has been charged by a second superseding indictment for his participation in a conspiracy to corruptly obstruct the peaceful transfer of presidential power following the November 2020 election. Hostetter is further charged with, among other things, entering and remaining in a restricted area while carrying a deadly or dangerous weapon. On July 6, 2023, trial is scheduled to commence against Hostetter, whose trial has been severed from that of the other defendants. By this filing, the Government respectfully provides notice of its intent to introduce at trial evidence of Hostetter's refusal to obey police commands during an incident on May 21, 2020.[1]

This "other acts" evidence is admissible pursuant to Rule 404(b) and it will serve multiple, appropriate purposes. *See United States v. Crowder*, 141 F.3d 1202, 1208 (D.C. Cir. 1998) (*en banc*) ("Rule 404(b) evidence will often have such multiple utility, showing at once intent, knowledge, motive, preparation, and the like."). In particular, this evidence of Hostetter's prolonged refusal to obey a lawful police command, less than a year before January 6, 2021, is

---

[1] The Government previously provided notice of its intent to introduce at Hostetter's trial certain evidence of Hostetter's conduct and statements in relation to travel to Washington D.C. in November 2020 to protest the presidential election. ECF 199.

1

probative of Hostetter's intent and absence of mistake in entering and remaining in the restricted area on January 6, which the Government must prove that Hostetter did knowingly. The Government thus provides notice of its intent to introduce the evidence below so that the defense and the Court may consider the relevance and admissibility of this evidence well in advance of trial.

### I. Procedural History

The Second Superseding Indictment charges Hostetter with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k) (Count One); obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count Two); entering and remaining in a restricting building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count Three); and disorderly and disruptive conduct with a deadly or dangerous weapon in a restricting building or grounds in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count Four).[2] ECF No. 210 ("Second Superseding Indictment" or "Ind.").

### II. Factual Background

The conspiracy charged in the Second Superseding Indictment alleges an agreement by all defendants to use corrupt means to obstruct Congress's count of the electoral college vote on January 6, 2021, and to thereby disrupt the peaceful transfer of power. Set forth below is a summary of key allegations from the Second Superseding Indictment and certain admissions by defendant Russell Taylor in connection with this recent guilty plea. Particularly notable for the purposes of this Rule 404(b) notice is that the Second Superseding Indictment alleges that defendant Hostetter entered and remained in the restricted area carrying a deadly or dangerous weapon (a hatchet). Further, information set forth in the Statement of Offense signed by Russell

---

[2] Counts in which only defendants other than Hostetter are charged are not discussed here.

Taylor indicates that Hostetter remained in the restricted area for approximately two hours during the ongoing riot. ECF 197 ("Taylor Statement of Offense") at ¶¶ 32, 36.

### a. The American Phoenix Project

In Spring 2020, Hostetter founded the American Phoenix Project to oppose government-mandated restrictions arising from the COVID-19 pandemic. After the 2020 U.S. Presidential election, Hostetter, Taylor, and an individual identified in the indictment as "Person One" used the American Phoenix Project to protest what they asserted was a stolen or fraudulent election result. Ind. ¶ 20. Further, from at least in or around November 2020, Hostetter used the American Phoenix Project as a platform to advocate violence against certain groups and individuals that supported the 2020 presidential election results. Ind. ¶ 21.

### b. The Defendants' Conduct on January 6, 2021

Hostetter drove cross-country in advance of January 6 and brought weapons, including weapons that he brought on behalf of Taylor, who flew to Washington D.C. Taylor Statement of Offense ¶ 14. Taylor, Hostetter, and Person One met on the morning of January 6, 2021, and went to the Ellipse together to watch the speeches of then President Trump and others. Hostetter wore a backpack containing a hatchet. Taylor wore a black plate-carrier vest and carried a knife. Hostetter and Taylor remained outside the secure area of the Ellipse because they were carrying "personal protective gear" that was not allowed under Secret Service regulations. Ind. ¶ 59.

Hostetter, Taylor, and Person One then went "on the march to the Capitol." Ind. ¶ 63. There, among other things, Hostetter and Taylor joined rioters on the Lower West Terrace of the Capitol who were pushing through a line of police officers. Taylor, followed closely by Hostetter,

pushed past the police and onto the inaugural stage, even after police sprayed Taylor with pepper spray. Ind. ¶ 65; Taylor Statement of Offense ¶¶ 33–34.

Hostetter and Taylor remained on the Upper West Terrace for approximately two hours. Taylor Statement of Offense ¶¶ 35. There, Hostetter proclaimed, "The people have taken back their house . . . Hundreds of thousands of patriots showed up today to take back their government!" *Id.* ¶ 34. By approximately 4:23 p.m., police officers were physically removing the crowd from the Upper West Terrace, including Hostetter. *Id.* ¶ 36.

Hostetter later posted to his americanphoenix Instagram account a photo of himself and Taylor from the Upper West Terrace of the Capitol, with the message, "This was the 'shot heard round the world!' . . . the 2021 version of 1776. That war lasted 8 years. We are just getting started." Ind. ¶ 71.

### III. The Noticed Trial Evidence

The Government hereby provides notice, consistent with the allegations in the Second Superseding Indictment and information produced in discovery, of its intent to introduce at trial evidence related to Hostetter's conduct at a protest of COVID-19 related public health measures on or about May 21, 2020. As described in contemporaneous media reports, Hostetter organized a crowd of supporters to disassemble a fence that had been installed by local authorities to limit public access to a beach during the COVID-19 pandemic. *See* "Arrests Made at San Clemente Rally Fighting Stay at Home Order," Orange County Register (May 21, 2020), *available at*: https://www.ocregister.com/2020/05/21/arrests-made-at-san-clemente-rally-fighting-stay-at-home-order/. Hostetter and others began to dissemble the fencing. Law enforcement arrived and commanded those assembled to disperse. Video of the incident shows Hostetter, surrounded by law enforcement officers, continuing to hold on to the fence, even as a Deputy Sheriff announced

that persons who did not disperse could be subject to arrest or other police action.[3] Hostetter then yelled at the Deputy Sheriff, "Are you going to shoot me in the back with a rubber bullet? I dare you." Hostetter and others were ultimately arrested for trespass.[4]

### IV. Legal Standard: Other Acts Evidence Is Admissible Under Rule 404(b)

Evidence subject to Federal Rule of Evidence 404(b) is nevertheless still admissible. The Federal Rules of Evidence simply prohibit "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). As the Court of Appeals has stated:

> Although stated as a restriction, the Rule is actually one of "inclusion rather than exclusion." *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000). Evidence is only prohibited if it is offered for the impermissible inference that a defendant is of bad character resulting in bad conduct. *See, e.g.*, *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990). Thus, evidence of a defendant's prior bad acts is admissible for purposes *unrelated* to the defendant's character or propensity to commit crime, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); *see also Miller*, 895 F.2d at 1436 ("[U]nder Rule 404(b), *any* purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.").

*United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002). The Rule's list of permissible uses of bad-act evidence is illustrative, not exhaustive. 2 J. Weinstein and M. Berger, WEINSTEIN'S FEDERAL EVIDENCE § 404.22[6][a] (2017); *see, e.g.*, *Bowie*, 232 F.3d at 933 (approving admission of other crimes evidence to corroborate other evidence). The D.C. Circuit has held that Rule 404(b) is "quite permissive, excluding evidence only if it is offered for the sole purpose of

---

[3] This video was found on one of Hostetter's seized electronic devices and was produced to Hostetter in discovery.

[4] Hostetter alleges in his motion to dismiss that "five of the eight arrested were / are federal or local law enforcement operatives or actors used to amplify the event." ECF 99 at 23. The allegation is speculative and baseless.

5

proving that a person's actions conformed to his or her character." *United States v. Long*, 328 F.3d 655, 660–61 (D.C. Cir. 2003) (internal quotation marks and citations omitted); *see also United States v. Loza*, 764 F. Supp. 2d 55, 57 (D.D.C. 2011) (citing *United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010)); *United States v. Pettiford*, 517 F.3d 584, 588 (D.C. Cir. 2008); *Miller*, 895 F.2d at 1436.

Analysis of the admissibility of bad-acts evidence involves two steps. First, the Court determines "whether the evidence is probative of some issue other than character." *Cassell*, 292 F.3d at 792. Evidence of other crimes is admissible if it "is relevant, relates to something other than character or propensity, and supports a jury finding that the defendant committed the other crime or act." *Id.* (citing *Bowie*, 232 F.3d at 926-27); *see also Huddleston v. United States*, 485 U.S. 681, 685 (1988). "Only one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect of character; a man with such a defect of character is more likely than men generally to have committed the act in question." *United States v. Moore*, 732 F.2d 983, 987 n.30 (D.C. Cir. 1984). Second, the court must decide if the evidence should be excluded under Rule 403 of the Federal Rules of Evidence, *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994), which precludes evidence only if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly cumulative evidence," Fed. R. Evid. 403. "[T]he test under 403 is 'unfair prejudice,' not just any prejudice or harm to the defense." *United States v. Sitzmann*, 856 F. Supp. 2d 55, 61-62 (D.D.C. 2012).

Notably, other acts evidence is often relevant to several issues. In its *en banc* decision in *Crowder*, the Court of Appeals stated the following:

> Rule 404(b) evidence will often have such multiple utility, showing at once intent, knowledge, motive, preparation and the like. Proof of an individual's intent to

> commit an act may itself serve as proof that the individual committed the act, as the Supreme Court recognized more than a century ago. In proving that a defendant intended to distribute crack cocaine, for instance, the government might simultaneously be showing the defendant's motive to possess the crack, which Rule 404(b) permits. Intent would thereby serve as an intermediate fact from which the jury could infer another intermediate fact—motive—from which it could in turn infer the element of possession. Thus, other-offense evidence of intent would have probative value not just on the intent element, but also on the possession element of the offense.

*Crowder*, 141 F.3d at 1208 (citation omitted). Thus, in *Crowder*, other acts evidence was admitted to show the defendant's knowledge, intent, and motive. And these admissible other acts may occur before or after the charged offense. *See, e.g.*, *United States v. Watson*, 894 F.2d 1345, 1349 (D.C. Cir. 1990) (admitting other crimes that occurred three months after charged offense); *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir. 1991) ("By it its very terms, 404(b) does not distinguish between 'prior' and 'subsequent' acts"); *United States v. Johnson*, 934 F.2d 936, 940 (8th Cir. 1991) ("the mere subsequency of an act . . . does not on that ground alone make it incompetent").

### V.     The Proffered Evidence Is Admissible

The Government will seek to introduce the evidence described above related to Hostetter's deliberate refusal to comply with police commands, and to remain in an area in which police had made clear he was not permitted, during the incident in May 2020. This evidence is relevant to issues other than Hostetter's character and, therefore, admissible pursuant to Rule 404(b).

The proffered evidence shows that Hostetter, in service of his political goals in May 2020, undertook to illegally trespass in violation of clear police commands. This evidence is admissible to show that on January 6, 2021, when Hostetter stormed the Capitol Grounds and remained there for approximately two hours in service of his political goals, he did so knowingly. In particular, the proffered evidence is probative of that fact that when Hostetter entered and remained on the

Capitol Grounds fewer than eight months after the May 2020 incident, he did so in the absence of any "mistake" that he did not comprehend that he was not permitted on Capitol Grounds.

The connection between Hostetter's use of unlawful means to further his political ends in May 2020 and his use of some of the same means to achieve his political ends in January 2021 is reflected in the Second Superseding Indictment. The charging instrument specifically alleges that Hostetter used the American Phoenix Project both to protest COVID-19 related public health measures and to challenge the results of the 2020 presidential election. Ind. ¶¶ 20, 21. Thus, the proffered evidence is corroborative of Hostetter's intent on January 6, 2021, to use illegal trespass, and deliberate refusal to comply with police directives, to achieve his political ends.

This evidence is thus not "offered for the sole purpose of proving that a person's actions conformed to his or her character," and under the "permissive" standard of Rule 404(b), it should be admitted. *Long*, 328 F.3d at 660–61.

## VI. The Notice Is Timely

The instant notice, unlike the Government's previous 404(b) notice, is provided after the Rule 404(b) notice deadline established by the Court's scheduling order. ECF 167. The Government respectfully requests that the Court permit the use of the proffered evidence because the instant notice provides ample opportunity for the defendant to meet it at trial, and thus the notice comports with Rule 404(b)(3)(A)'s reasonableness requirement.

Rule 404(b) provides as follows:

> (3) *Notice in a Criminal Case*. In a criminal case, the prosecutor must:
> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

In *United States v. Young*, Judge Howell rejected a challenge to the timeliness of a 404(b) notice where the pertinent information was provided within a few weeks of trial, which the court held was "sufficient notice." No. 12-CR-00042 (BAH), 2013 WL 12430555, at *10 (D.D.C. Apr. 22, 2013). Judge Howell cited to a D.C. Circuit decision, *United States v. Watson*, 409 F.3d 458, 465 (D.C. Cir. 2005), as "declining to conclude that notice provided on the morning of voir dire, 48 hours before the witness was called to testify, constituted a failure to bear Rule 404(b) notice obligation, where defendant did not show prejudice from the error." The instant notice, in contrast to the notices at issue in *Young* and *Watson*, is provided approximately a month before trial.

*United States v. Gamarra* is also instructive. There, the defendant was charged with crimes arising from a 2017 incident, and the Government filed a motion *in limine* "less than a month before trial, and approximately six months after [the pre-trial motion deadline]" seeking to introduce evidence of a prior alleged threat made by Gamarra in 2014 against then-President Obama. No. CR 17-65 (JDB), 2021 WL 1946348, at *1 (D.D.C. May 14, 2021), aff'd, No. 21-3047, 2022 WL 17819783 (D.C. Cir. Dec. 20, 2022). Judge Bates held, among other things, that the defendant would not be prejudiced of the late notice of the proposed evidence because the defendant had been on notice of it since the outset of the case. *Id.* at *1, n 1. Here, Hostetter has long been on notice of the proposed evidence because his own motion to dismiss described "Fencegate" at length, and thus he would not be prejudiced by receiving this notice approximately a month before trial. ECF 99 at 22.

In sum, the plain text of Rule 404(b)'s reasonable notice requirement, and persuasive decisions issued in this district, establish that the instant notice is timely.

## **CONCLUSION**

Accordingly, for the foregoing reasons, the Government respectfully requests that the Court permit at trial the introduction of the evidence proffered above pursuant to Federal Rule of Evidence 404(b).

                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    D.C. Bar No. 481052

By:        /s/
                    JASON M. MANNING
                    NY Bar No. 4578068
                    ANTHONY W. MARIANO
                    MA Bar No. 688559
                    Trial Attorneys, Detailees
                    601 D Street N.W.
                    Washington, DC 20530
                    (202) 514-6256
                    Jason.Manning@usdoj.gov
                    (202) 476-0319
                    Anthony.Mariano2@usdoj.gov