UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,        .
                                 .
          Plaintiff,             .   CR No. 21-0392 (RCL)
                                 .
     v.                          .
                                 .
ALAN HOSTETTER, et al.,          .   Washington, D.C.
                                 .   Friday, December 2, 2022
          Defendant.             .   12:47 p.m.
. . . . . . . . . . . . . . . .


TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE


<u>APPEARANCES</u>:

For the Government:        ANTHONY W. MARIANO, AUSA
                           U.S. Attorney's Office
                           601 D Street NW
                           Washington, DC 20530
                           (202) 252-7566

                           THOMAS T. BALLANTINE, ESQ.
                           U.S. Department of Justice
                           150 M Street NE
                           Washington, DC 20002
                           (202) 532-3048

For Defendant Hostetter:   KARREN KENNEY, ESQ.
                           Kenney Legal Defense
                           2900 Bristol Street
                           Suite C204
                           Costa Mesa, CA 92626
                           (855) 505-5588

For Defendant Warner:      KIRA A. WEST, ESQ.
                           Law Office of Kira West
                           712 H Street NE
                           Unit 509
                           Washington, DC 20002
                           (202) 236-2042

```
For Defendant Martinez:        NICHOLAS D. SMITH, ESQ.
                               David B. Smith PLLC
                               1123 Broadway
                               Townsend Building
                               Suite 909
                               New York, NY 10010
                               (917) 902-3869


For Defendant Kinnison:        NICOLAI COCIS, ESQ.
                               Law Office of Nicolai Cocis
                               25026 Las Brisas Road
                               Murrieta, CA 92562
                               (951) 695-1400


For Defendant Mele:            STEVEN C. BAILEY, ESQ.
                               Bailey & Romero Law
                               680 Placerville Drive
                               Suite A1
                               Placerville, CA 95667
                               (530) 212-3407


Court Reporter:                BRYAN A. WAYNE, RPR, CRR
                               U.S. Courthouse, Room 4704-A
                               333 Constitution Avenue NW
                               Washington, DC 20001
                               (202) 354-3186
```

Proceedings reported by stenotype shorthand.
Transcript produced by computer-aided transcription.

```
 1                      P R O C E E D I N G S
 2                      (Via Videoconference)
 3            THE DEPUTY CLERK:  Your Honor, we're on the record for
 4      criminal case 21-392, United States of America versus Alan
 5      Hostetter, Russell Taylor, Erik Warner, Felipe Martinez, Derek
 6      Kinnison, and Ronald Mele.
 7         Counsel, please identify yourselves for the record,
 8      starting with the government.
 9            MR. MARIANO:  Good morning, Your Honor.  This is
10      Anthony Mariano for the United States, along with my
11      colleague, Tom Ballantine.
12            DEFENDANT HOSTETTER:  Good morning, Your Honor.  This
13      is Alan Hostetter, acting pro se in the case, and I believe
14      Ms. Kenney is also on the line, my advisory counsel.
15            THE COURT:  I'm sorry.  Could I see Mr. Hostetter
16      again?
17            DEFENDANT HOSTETTER:  Yes, sir, I'm here.
18            THE COURT:  Okay.  I see you now.
19            MR. SMITH:  Good afternoon, Judge.  Nicholas Smith for
20      defendant Felipe "Tony" Martinez.
21            THE COURT:  Could I see Mr. Hostetter's standby
22      counsel.
23            MS. KENNEY:  Your Honor, this is Karren Kenney.  I'm
24      driving, but I am here.
25            THE COURT:  Okay.  Now we can go to the next defendant.
```

1  Mr. Smith's for Mr. Taylor?

2  MR. SMITH:  Mr. Smith, Your Honor, for defendant Felipe

3  Martinez.

4  THE COURT:  Okay.  And Mr. Martinez is on the line?

5  DEFENDANT MARTINEZ:  I'm right here, Your Honor.  Good

6  morning.

7  THE COURT:  And you can hear me okay?

8  DEFENDANT MARTINEZ:  Yes, sir, I can.  Thank you.

9  THE COURT:  Okay.

10  MS. WEST:  Good afternoon, Your Honor.  Kira Anne West

11  here with Erik Warner, who is present via videoconference, and

12  we waive our right to appear in person.

13  THE COURT:  Okay.  And Mr. Warner?

14  DEFENDANT WARNER:  Good morning, Your Honor.

15  THE COURT:  Okay.

16  MR. COCIS:  And Your Honor, Nic Cocis on behalf of

17  Mr. Kinnison, and Mr. Kinnison and I are in the same box.

18  THE COURT:  Okay.  And he's right beside you?

19  MR. COCIS:  Yes, Your Honor.

20  DEFENDANT KINNISON:  Good afternoon, Your Honor.

21  THE COURT:  Okay.  Next?  For Defendant Taylor?

22  THE DEPUTY CLERK:  I don't see either one of them here,

23  Your Honor.

24  THE COURT:  Mr. Huish is not on?

25  MR. BAILEY:  I'm now on, Your Honor.  This is Steven

1    Bailey.

2          THE COURT:  For Mr. Mele, and Mr. Mele is on?

3          DEFENDANT MELE:  Yes, sir.  I'm right here.  Thank you.

4          THE COURT:  Okay.  You can hear me okay?

5          DEFENDANT MELE:  Yes, sir.

6          THE COURT:  And Mr. Taylor is not on?  Mr. Huish is not

7    on?

8          THE DEPUTY CLERK:  It looks to be that way, Your Honor.

9          THE COURT:  Okay.

10      All right.  In the meantime, then, let me have the

11   government go ahead with the current status.  I have a trial

12   date set of July 6, but we can try to set other dates in the

13   meantime.

14          MR. MARIANO:  Yes, Your Honor.  Before I turn to

15   scheduling, let me provide the Court with an update on

16   discovery.  We've continued to provide discovery on a regular

17   basis to defendants.  Since our last status hearing we've

18   provided global discovery productions on September 24, October

19   12, and November 2.  We've also since our last status hearing

20   provided case-specific discovery as well.

21      We've also to -- I should say we'll of course continue to

22   provide ongoing discovery production as they're available both

23   in terms of global discovery and case-specific discovery.

24      As a separate update to the Court, we have continued to

25   have negotiations on resolutions with certain defendants.

1    We've not reached a resolution with any defendant at this

2    point, but those discussions are continuing and remain

3    productive.

4        With respect to scheduling, at the prior status hearing

5    Your Honor did set a trial date for July 6, 2023.  Your Honor

6    also asked defense counsel to confer and come up with a

7    pretrial schedule.  At that status hearing we asked defense

8    counsel to include us in those discussions so that we might

9    offer any conflicts we have to represent our interests.

10       Prior to today's hearing, we've reached out to defense

11   counsel to see if they had a proposed pretrial schedule they

12   could share with us.  We have not heard back from them despite

13   reaching out to a number of defense counsel and all defense

14   counsel together.  So we're not sure what status they have on

15   that.

16       THE COURT:  All right.  Let me go to Ms. West first.

17   Do you want to start for any defendant?

18       MS. WEST:  I'm sorry, Your Honor.  I only caught about

19   half of that.  What would you like me to address?

20       THE COURT:  Do you have any proposal for any defendant

21   regarding scheduling between now and trial?

22       MS. WEST:  I don't, Your Honor.  I think defense

23   counsel, it's incumbent upon us to kind of get together and

24   make it easier for the Court, which we did not do.  But right

25   now I think that what we have in place in the trial setting

1    is -- that's the best I can do.  I can't try a case before

2    then because I have so many other cases going to trial, one of

3    which is going to trial Monday.

4          THE COURT:  Okay.  Mr. Smith?

5          MR. SMITH:  Yes, Your Honor.  One of the reasons we,

6    Mr. Martinez, did not offer a specific timeline to the

7    government is that we're flexible.  And if there was any

8    misunderstanding about that, I apologize.  We are willing to

9    go along with a standard scheduling order with dates that

10   would accommodate the government and other counsel.  We have

11   no conflicts around the trial date that's already set for this

12   court and we're content to comply with any scheduling order

13   the Court deems fit.

14         THE COURT:  Okay.  Mr. Bailey, I guess.

15         MR. BAILEY:  I would join with Mr. Smith in his

16   comments.

17         THE COURT:  Okay.  Mr. Cocis.

18         MR. COCIS:  Your Honor, on behalf of Mr. Kinnison,

19   we're also flexible with dates, and I would join my previous

20   co-counsel.

21         THE COURT:  Okay.  Mr. Hostetter, do you want to work

22   with other counsel and the government and see if they can make

23   a joint proposal for a schedule pretrial?

24         DEFENDANT HOSTETTER:  Well, I'm glad you asked that

25   question, Your Honor, because if you will indulge me, I do

1    have a question as a layman regarding this entire situation
2    related to my codefendants.
3        As I have stated repeatedly to the Court and also in my
4    motion filed approximately one year ago now that has yet to be
5    heard, that I do not know four of these five defendants; I've
6    never met them and did not even have any idea that they were
7    there the day of the incident in question.
8        So with that in mind, I don't have any intention to work
9    cooperatively with my fellow defense -- codefendants because
10   there's nothing to be worked with cooperatively through with
11   them as I don't know them and didn't know they were there that
12   day.  And you already know, you said you read my motion, so
13   you know how I feel about Mr. Taylor.  I don't believe he has
14   comported himself to me when he came into my life in the
15   spring of 2020.
16       Now, with that said, I'm ready for trial.  I'll be there
17   tomorrow if you were to give me that trial date.  But my
18   question now becomes, if I'm not going to be working
19   cooperatively with codefendants, as I have nothing to work
20   with them on, and let's say two or three of them wanted a jury
21   trial, and I've already mentioned to you that I want a bench
22   trial, how does that work?  Am I automatically going to be
23   pulled into a jury trial that I do not want to have in
24   Washington, D.C., or will I be granted what I want in a bench
25   trial just appearing before you, Your Honor?

1          THE COURT:  No.  That can be built into the schedule
2     that we'll address the issue of anyone who wants to waive jury
3     as part of the pretrial schedule.  And I'll ask the government
4     to put that in the proposed schedule, that I'll rule
5     separately on a waiver of jury trial.  We can put that as a
6     matter to be decided pretrial, anyone else who wants to waive
7     jury trial.
8       The government has the right, I think, to object.  I think
9     the waiver of a jury trial is subject to the government's
10    objection.  I don't remember.  I haven't done one where
11    there's been a waiver in so long, I don't remember if the
12    government has --
13          MS. WEST:  You're right.
14          MR. SMITH:  The Court's correct.
15          MS. WEST:  You're right.
16          THE COURT:  So I don't know if the government would
17    object or not.  But in any event, that's something that would
18    be determined pretrial.  And then the question becomes whether
19    or not I would sever or whether the trial would be conducted
20    totally separately.  I don't know the answer to that either.
21    But all of that could be done pretrial, and on a separate
22    schedule.
23      So I probably -- since you're speaking last, I probably
24    would say to the government, talk to the other counsel and
25    try to give me a proposed order setting the schedule and put

1     anyone else who wants to waive jury trial in that schedule

2     and let me look at the issues and take -- the government take

3     a position on those who want to waive jury trial.

4         And if the government is not going to object -- if the

5     government's going to object, it'll need to be briefed,

6     whether the government has a right to object, and if the

7     defendant wants to argue the government has no right, or I

8     can overrule the government's objection or whatever, I'll

9     decide that question.

10        I don't know whether -- I don't remember having ever

11    written anything on the subject or decided the question

12    whether the government has the right to object or not.

13    Maybe I have, but I don't recall it offhand.  In any event,

14    that can be decided well in advance of the trial date by

15    separate motion.

16        If anybody else wants to do the same, I can decide that

17    all on a separate motion track.  And Ms. Kenney can assist

18    you in that endeavor, Mr. Hostetter.

19            DEFENDANT HOSTETTER:  I'm sorry, sir.  I missed that

20    last statement.

21            THE COURT:  Ms. Kenney can assist you in that endeavor

22    of getting any briefs filed about whether I have the authority

23    to deny the government's request if they object to your

24    request that it be a nonjury trial --

25            DEFENDANT HOSTETTER:  So I could be forced into a jury

1    trial?

2          THE COURT:  -- and find any case law that exists on

3    that.  I don't know the law on that question.

4       So with that, can the government, within let's say in 30

5    days, give me a proposed order that you consult with each

6    party about, including Taylor and Huish, and I'll issue a

7    separate order to show cause to them about why they did not

8    appear today.

9          MR. MARIANO:  Yes, Your Honor.  We can do that.

10          THE COURT:  Okay.  Anything anybody else wants to raise

11    today?

12          MS. WEST:  Yes, Your Honor.

13          MR. BAILEY:  Yes, Your Honor.

14          THE COURT:  Okay.  Mr. Bailey.

15          MR. BAILEY:  This is Steven Bailey for Mr. Mele.  I am

16    going to be out of the country for the next three weeks, so it

17    may be difficult for the government to get ahold of me during

18    that period of time.  And I would request that we extend the

19    period they have and defense counsel has until the 15th of

20    January.

21          THE COURT:  All right.  That's granted.

22       All right.  Ms. West?

23          MS. WEST:  Just one question, Your Honor.  This is

24    Ms. West.  May I be heard?

25          THE COURT:  Yes.

1        MS. WEST:  Looking forward, this case is set for a
2    Thursday to start trial July 6, and I think everybody's in
3    agreement with that date.  Is it the Court's practice to have
4    a pretrial conference the week before, in which case that
5    would be June 29th or 30th?
6        THE COURT:  Yes.
7        MS. WEST:  Yes, sir.  Well, we'll put that in mind as
8    we make the schedule.
9        THE COURT:  Okay.  I think that's a good idea.
10        MS. WEST:  Yes, Your Honor.
11        THE COURT:  Okay.  Anything else?
12        MR. MARIANO:  Yes, Your Honor.  I wanted to raise in
13    terms of the Speedy Trial Act, we would ask that the Court
14    exclude time as serving the ends of justice until the
15    scheduled July 6, 2023, trial date.  And we would make that
16    request based on the continuing discovery productions, the
17    complex nature of the ongoing investigation, the ongoing plea
18    negotiations, as well as the time necessary for defendants to
19    prepare their case.
20        THE COURT:  Well, those are all appropriate findings.
21    In light of the pending motions by a defendant who's not been
22    severed, they're unnecessary because I have a pending motion
23    that I've not yet heard or decided.  So that tolls speedy
24    trial in any event, the motion by Mr. Hostetter, which I've
25    not yet either heard or decided.

1          All right.  Anything else?

2              MR. MARIANO:  Yes, Your Honor.  I would also note we

3     have a pending motion regarding speedy trial at docket 155.

4     I take from Your Honor's statement just now that that may be

5     moot in your view.

6              THE COURT:  It is moot in my view.

7              MR. MARIANO:  Thank you, Your Honor.

8              THE COURT:  All right.  Thank you very much, counsel.

9     Court will be in recess.

10         (Proceedings adjourned at 1:02 p.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

* * * * * *

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

_/s/ Bryan A. Wayne_
Bryan A. Wayne