UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-392-1 (RCL) |
| | : |
| ALAN HOSTETTER, | : |
| | : |
| Defendant. | : |

### UNITED STATES'S REPLY TO THE DEFENDANT'S NOTICE OF ENTRAPMENT DEFEENSE AND PRETRIAL STATEMENT REGARDING WITNESS LIST

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's Notice of Entrapment Defense, ECF No. 215, and Pretrial Statement Regarding Witness List, ECF No. 216.

The arguments the defendant sets forth regarding his anticipated "entrapment" defense, and the associated list of witnesses, are largely baseless and irrelevant, and should be excluded. As an initial matter, we understand the defendant's notice to reflect his intention to put forth a traditional entrapment defense, rather than a public authority or entrapment-by-estoppel defense. *See United States v. Sistrunk*, 622 F.3d 1328, 1332 (11th Cir. 2010) (distinguishing entrapment and entrapment-by-estoppel defenses).[1] The United States has already moved to preclude such a

---

[1] The defendant files his notice of entrapment defense, "pursuant to Federal Rule of Criminal Procedure 12.3." ECF No. 215. Federal Rule of Criminal Procedure 12.3 requires: "If a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets." Fed. R. Evid. 12.3(a)(1). The notice must include, "(A) the law enforcement agency or federal intelligence agency involved; (B) the agency member on whose behalf the defendant claims to have acted; and (C) the time during which the defendant claims to have acted with public authority." Fed. R. Evid. 12.3(a)(2). As a notice of a public authority or entrapment-by-estoppel defense, the defendant's notice is deficient. It does not identify any law enforcement agency involved and any specific agent on whose behalf the defendant claims to have acted. The Court

defense in its Omnibus Motions *in Limine*, and the United States reiterates those arguments here. *See* ECF No. at 24–26.

Specifically, the defendant claims that his proclaimed "Triune Entrapment Defense" incorporates "three fundamental pillars": first, that the 2020 presidential election was stolen; second, that the defendant and his fellow rioters would not have wanted "to disrupt the one event that gave them hope the election results might be investigated further and possibly overturned"; and, third, that "federal law enforcement and intelligence agencies staged this obvious false flag event for nefarious purposes." ECF No. 216, at 4.

The defendant's argument that "President Trump won the 2020 election in one of the biggest landslide victories in U.S. history," ECF No. 216, at 4, is irrelevant. As a factual matter, the defendant is wrong. *See, e.g.*, *Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 F. App'x 377, 381 (3d Cir. 2020) (Bibas, J.) ("Free, fair elections are the lifeblood of our democracy. Charges of unfairness are serious. But calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here.").[2] But, more importantly, as a legal matter, that question is not before the Court now, and will not be before the

---

may properly exclude any public authority or entrapment-by-estoppel defense both for failure to provide a timely, adequate notice, or for the substantive reasons other judges in this district have denied such defenses in January 6 cases. *See United States v. Chrestman*, 525 F. Supp. 3d 14, 32–33 (D.D.C. 2021); Memorandum and Order, *United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022), ECF No. 87.

[2] Indeed, claims of widescale election fraud have been so uniformly rejected by courts across the United States that this Court could properly take judicial notice that the election was not "stolen." Fed R. Evid. 201 (allowing the Court to take judicial notice of facts "not subject to reasonable dispute"); *see O'Rourke v. Dominion Voting Sys. Inc.*, 552 F. Supp. 3d 1168, 1190 (D. Colo. 2021), *modified on reconsideration*, No. 20-CV-03747-NRN, 2021 WL 5548129 (D. Colo. Oct. 5, 2021), *and appeal dismissed*, No. 21-1394, 2021 WL 8317149 (10th Cir. Dec. 23, 2021) ("After the election, more lawsuits were filed hoping to delay or stop the certification of certain states' results. Uniformly, these dozens of suits (perhaps more than 80) failed, either for procedural deficiencies, lack of standing, or lack of proof.").

Court at trial. The fact that the defendant *believed* on January 6, 2021 that the 2020 presidential election was "stolen," is certainly relevant; indeed, it is among the defendant's motives for committing the charges crimes. But the veracity of that belief is wholly irrelevant. Even if the defendant were right—and he is not—it would not be relevant to any element in any of the charged offenses, nor would it establish any aspect of an entrapment defense. It would neither justify nor excuse a riotous mob pushing past police lines, unlawfully occupying the U.S. Capitol building and its grounds, and forcing Congressional proceedings to a halt. The Court should preclude evidence and argument regarding claimed fraud in the 2020 presidential election, other than the defendant's state of mind before and around January 6, 2021.[3]

The defendant's argument that "federal law enforcement and intelligence agencies staged this obvious false flag event for nefarious purposes" is also baseless and irrelevant and should be excluded. The United States has already moved to exclude evidence and argument related to law enforcement preparations for January 6, 2021, and the United States reiterates those arguments here. *See* ECF No. 205, at 15–17. Likewise, any argument that these were government informants or "crisis actors" in the crowd would not be relevant to any element in this case, unless the defendant had some personal relationship or knowledge at the time regarding specific individuals, such that it would inform his state of mind. Accordingly, such argument and evidence should be excluded. *See, e.g.*, *United States v. George*, 786 F. Supp. 56, 64 (D.D.C. 1992) (agreeing that when "the defendant had not been able to establish (nor had even proffered) that the defendant *knew* what information others had," discovery into that information "was not material to the

---

[3] The defendant's second argument is that "supporters of President Trump would [not] have gone to Washington D.C. on J6 to disrupt the one event that gave them hope the election results might be investigated further and possibly overturned." ECF No. 216, at 4. This argument appears relevant to the question of the defendant's intent, and thus the United States has no objection at this time to evidence or argument from the defendant to that effect.

defense because it revealed nothing about the defendant's state of mind").

Finally, the defendant has filed a witness list that includes twenty-nine witnesses, almost all of whom are not relevant in this case. The witnesses fall into and can be assessed in several categories:

- *Current and Former Members of Congress and Their Families.* The defendant seeks to call former Speaker of the House Nancy Pelosi, Alexandra Pelosi, Michael Vos, Christine Pelosi, Senator Lindsay Graham, former Senator Kelly Loeffler, Representative Debbie Wasserman-Schultz, and Representative Ted Deutch. It appears from the defendant's filing that each of these witnesses would be called only to address the defendant's theories regarding election fraud or law enforcement preparations for January 6, 2021. Because those arguments are irrelevant, these witnesses should be excluded.

- *Other January 6 Defendants and Individuals Unaffiliated with the Defendant.* The defendant seeks to call Jacob Chansley, Richard Barnett, John Sullivan, Taylor Hansen, Stewart Rhodes, Enrique Tarrio, and Ray Epps. Unless the defendant can proffer that he had personal interactions or communications with these individuals on or around January 6, 2021, it appears he intends to call these witnesses only to claim that each is a government agent or "crisis actor," ECF No. 216 at 4. The United States has already moved to exclude such arguments as irrelevant, and, accordingly, these witnesses should be excluded.

- *Various Law Enforcement Witnesses.* The defendant seeks to call former U.S. Capitol Police Chief Stephen Sund, U.S. Capitol Police Assistant Chief Yogananda Pittman, and former House of Representatives Sergeant at Arms Paul Irving. These witnesses would only be relevant for the defendant to question law enforcement preparations for January 6, 2021. Accordingly, these witnesses should be excluded.

- *Reporters.*  The defendant seeks to call Matthew Rosenberg of the *New York Times* and Donnie O'Sullivan of *CNN*.  These witnesses would be relevant only to promote the defendant's claim that January 6, 2021 was a "false flag" operation, ECF No. 216, at 4.  Because such an argument is baseless and irrelevant, these witnesses should be excluded.

- *Individuals Relevant to the Defendant's California Protests.*  The defendant seeks to call California Governor Gavin Newsom, Orange County Sheriff's Department Sergeant Paul Ketchum, Stephanie Fetzer, and Denise Aguilar.[4]  All these witnesses appear relevant only to the defendant's conduct protesting restrictions imposed in California as a result of the COVID-19 global pandemic.  With the exception of the particular incident subject of the government's recent notice pursuant to Federal Rule of Evidence 404(b), *see* ECF No. 217, this conduct is irrelevant, and these witnesses should be excluded.

The United States does not necessarily object at this time to the remaining witnesses the defendant seeks to call (Leo Cappelli, Morton Irvine Smith, Marianna Campbell Smith, Russell Taylor, and Leigh Dundas), though it would be appropriate to seek a proffer from the defendant to ensure they are being called for a relevant purpose.

Finally, the United States reiterates its concern that the defendant's goal with this trial—rather than a genuine engagement on the elements or the evidence—is to create a circus-like atmosphere and to promote his own brand.  The defendant previously admitted that his filings are "as much for public consumption as" they are "for this court," ECF No. 212.  In his more recent filings, the defendant has continued engaging in self-promotion, instead of advancing meaningful legal arguments.  Across four filings, the defendant has cited to his own podcast or Rumble account

---

[4] Stephanie Fetzer and Denise Aguilar are, according to the defendant, associated with "Freedom Angels," ECF No. 216, at 7, which appears to be an anti-vaccination organization in California.

no fewer than twenty-one times.  *See* ECF No. 99, at 14, 24, 34, 69, 74, 75, 76; ECF No. 212, at 4; ECF No. 214, at 2; ECF No. 216, at 4, 7.  The defendant's witness list and proposed "triune entrapment defense" indicates he expects to do the same at trial.  The defendant is no doubt looking forward to an opportunity to be in a room with former Speaker of the House Nancy Pelosi or California Governor Gavin Newsom.  But this trial must be restricted to an assessment of the defendant's guilt or innocence on the charged offenses, rather than an opportunity for the defendant to make himself the next cause célèbre among those who would deny the reality of January 6, 2021.

Date: June 4, 2023

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        UNITED STATES ATTORNEY
                                        D.C. Bar No. 481052

By:    */s/ Anthony W. Mariano*
        ANTHONY W. MARIANO
        MA Bar No. 688559
        JASON M. MANNING
        NY Bar No. 4578068
        Trial Attorneys, Detailees
        Capitol Siege Section
        United States Attorney's Office
        for the District of Columbia
        601 D Street N.W.
        Washington, D.C. 20530
        (202) 476-0319
        Anthony.Mariano2@usdoj.gov
        (202) 514-6256
        Jason.Manning@usdoj.gov