UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-392-1 (RCL) |
| : | |
| ALAN HOSTETTER, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S MOTION FOR SUPPLEMENTAL INQUIRY
RELATED TO DEFENDANT'S REVIEW OF DISCOVERY
PURSUANT TO *FARETTA V. CALIFORNIA*

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion requesting that the Court conduct a supplemental inquiry pursuant to *Faretta v. California*, 422 U.S. 806, 835 (1975) at the pretrial conference scheduled for June 15, 2023. Specifically, the Government requests a supplemental inquiry to determine whether the defendant has knowingly and intelligently chosen to proceed pro se with an understanding of the particular implications for reviewing discovery where access to certain materials requires the involvement of his standby counsel, Ms. Karren Kenney, Esq.

In *Faretta,* the Supreme Court held that "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits." 422 U.S. at 835 (cleaned up). The Court further held that "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id.* (cleaned up).

1

Here, Defendant was represented by counsel at his initial appearance on June 14, 2021. Ms. Kenney first appeared as Defendant's counsel on August 3, 2021, relieving previous counsel. Minute Entry (08/03/2021). On October 27, 2021, at a status conference attended (virtually) by both Ms. Kenney and Defendant, Ms. Kenney informed the Court of Defendant's desire to proceed pro se, and the Court conducted a thorough *Faretta* inquiry. ECF 82, Transcript of October 14, 2021 Motion Hearing at 2-13. The Court granted Defendant's motion to proceed pro se and appointed Ms. Kenney as advisory Counsel. ECF 83.

As the Supreme Court has held, certain disadvantages inhere in proceeding pro se, and defendants are free to making knowing, intelligent decisions to incur those disadvantages. *Faretta*, 422 U.S. at 835. One particular complication of self-representation in cases arising from the Capitol Riot is that certain materials produced in global discovery cannot be provided directly to pro se defendants. Thus, pro se defendants can access those materials only with the assistance of their standby counsel. *See* ECF 45, Protective Order Governing Discovery, ¶¶ 4-6 (establishing limitations on use, dissemination, reproduction, storage and handling of designated materials); *see also United States v. Pope*, 21-cr-128 (RC), Order Denying Defendant's Motion to Modify Protective Order, ECF 103 (holding that the protective order governing cases arising out of the Capitol Riot appropriately precluded defendant from possessing materials identified as "Highly Sensitive"); *United States v. White*, 21-cr-563 (JDB), Order, ECF No. 45 (appointing standby counsel, over defendant's objection, "solely for the limited purpose of facilitate her access to discovery"). Further, other evidence produced by the Government in global discovery, including

voluminous video evidence, is made available through platforms that only defense counsel, but not pro se defendants, can access.[1]

The Government made these limitations clear to both the defendant and Ms. Kenney no later than February 11, 2022—more than sixteen months before the trial date of July 6, 2023—when the Government filed a memorandum regarding the status of discovery that specifically addressed the implications of discovery for pro se clients. ECF 124 ("Government's February 2022 Discovery Memo" or "Disc. Mem."). Specifically, in the Government's February 2022 Discovery Memo, the Government placed Ms. Kenney and Defendant on notice of the following with regard to the sharing of videos on the evidence.com platform.[2]

> 8.  **_Pro Se_ Defendants**
>
> The government and FPD continue to collaborate about a discovery plan for _pro se_ defendants. Currently, subject to the terms of the protective order, standby counsel can use their own licenses for the FPD instance of evidence.com to share videos with non-detained _pro se_ defendants, and detained _pro se_ defendants can view video in the DOC instance. As we have previously made defense counsel aware, we have agreed to waive the requirement that a defendant be supervised while reviewing highly sensitive video in cases where access is provided through evidence.com and:
>
> 1. A protective order has been entered in the relevant case;
> 2. The defendant has executed the written acknowledgement to the protective order (or been subject to an equivalent admonishment by the Court); and
> 3. The ability of the defendant to download or reshare is suppressed by counsel before the video is shared to the defendant.

The Government's February 2022 Discovery Memo also placed Ms. Kenney and Defendant on notice of the following with regard to the sharing of material through the relativity database:

---

[1] Case-specific discovery refers to discovery that is particular to Defendant, while global discovery refers to discovery that has been made available to all January 6 defendants.
[2] "FPD" in the text below refers to the Federal Public Defender for the District of Columbia ("FPD"), which is acting as the discovery liaison for counsel in all Capitol Siege cases.

> For the reasons elaborated in part 5 above, the government will not agree to providing *pro se* defendants unfettered access to FPD's Relativity workspace. However, prosecutors assigned to *pro se* case will share production indexes with both defendants and their standby counsel. Standby counsel should discuss the materials on the production index with the *pro se* defendant, and subject to the protective order, s/he can share any materials requested utilizing the same mechanisms available to represented defendants described above. Further, in those instances where a *pro se* defendant wishes to view highly sensitive documents, standby counsel or his/her staff must supervise the defendant unless: (1) the defendant and the assigned prosecutor are able to reach a suitable compromise or (2) the Court orders otherwise.

Since February 2022, the Government has provided numerous productions of global discovery to Ms. Kenney and Defendant, including most recently last month. *See* Ex. A (email dated May 9, 2023 from Trial Attorney Anthony Mariano to Ms. Kenney, Mr. Hostetter, and others, providing Global Discovery Volume 27). The Government's cover letters to the global discovery productions—consistent with the representations in the Government's February 2022 Discovery Memo—contain production indexes identifying the materials that are being produced via evidence.com or relativity. *See* Ex. B (letter dated May 8, 2023, describing Capitol Siege Section Discovery Unit Global Production No. 27).

Notably, neither Defendant nor Ms. Kenney have ever represented to the Government that they are unable to access the materials provided in global discovery or to follow the procedures anticipated by the Protective Order and outlined in the Government's February 2022 Discovery Memo. Further, the Court at times has reminded Defendant of his obligations under the Protective Order, including since he became pro se. ECF 125, Transcript of Status Hearing, Feb. 4, 2022, at 11. ("THE COURT: All right. You might review the protective order again, Mr. Hostetter. Make sure you're in compliance. DEFENDANT HOSTETTER: Yes, sir, I will do that.").

Recent communications between the Government and Ms. Kenney, however, have given rise to a concern that Ms. Kenney intends to challenge on appeal the discovery procedures that neither she nor Defendant have contested at any time leading up to trial. Specifically, Ms. Kenney wrote to the Government on June 11, 2023:

> Mr. Hostetter has to be provided with everything directly since he is pro se. As advisory counsel only, I am not even authorized to view any discovery. Your office needs to provide everything to him directly, otherwise you will be violating his due process rights as a pro se defendant. I told prior counsel for the government this early on, after the judge granted his pro se status. This will be an appellate issue if the government continues to violate Mr. Hostetter's pro se status.

For the reasons set forth above, these statements are squarely incorrect: the Government's filings and correspondence with Ms. Kenney and Defendant make clear that standby counsel here is not just able, but necessary, to assist Defendant in reviewing certain discovery materials, to the extent defendant chooses to review them. *See United States v. Campbell*, 874 F.2d 838, 849 (1st Cir. 1989) (job of standby counsel is to help in procedural matters and to facilitate a speedy, efficient trial).

Defendant, proceeding pro se, is free to choose which of the materials produced in discovery he would like to review, and he is free to choose whether and how to engage the services of his standby counsel. The Government nevertheless submits that a limited inquiry by the Court to ensure that Defendant's decision to proceed pro se is "knowing and intelligent" with respect to the implications for reviewing discovery is warranted. The Government further submits that standby counsel should be reminded of its role in assisting Defendant, should Defendant so choose, in accessing materials produced on relativity, produced in evidence.com, or otherwise designated Highly Sensitive under the Protective Order.

## CONCLUSION

Accordingly, for the foregoing reasons, the Government respectfully requests that the Court

conduct a limited supplemental *Faretta* inquiry at the June 15, 2023 status conference.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        UNITED STATES ATTORNEY
                        D.C. Bar No. 481052

By:            /s/
                        JASON M. MANNING
                        NY Bar No. 4578068
                        ANTHONY W. MARIANO
                        MA Bar No. 688559
                        Trial Attorneys, Detailees
                        601 D Street N.W.
                        Washington, DC 20530
                        (202) 514-6256
                        Jason.Manning@usdoj.gov
                        (202) 476-0319
                        Anthony.Mariano2@usdoj.gov