KARREN KENNEY
KENNEY LEGAL DEFENSE
2900 BRISTOL STREET, SUITE C204
COSTA MESA, CA  92626
855-505-5588

Advisory Counsel to Alan Hostetter, Pro Se Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.:  21CR00392-RCL |
| Plaintiff, | ) | |
| vs. | ) | |
| ALAN HOSTETTER, | ) | |
| Defendant. | ) | |
| | ) | |

**RESPONSE TO GOVERNMENT'S REQUEST FOR INQUIRY RE PRO SE REVIEW OF DISCOVERY**

    Advisory Counsel for Pro Se Defendant Alan Hostetter hereby responds to the Government's latest filing asking for the court to inquire about review of discovery.  Advisory Counsel is responding to the specific statements the Government has made concerning advisory counsel only.

    The Court has never made any specific order in this case regarding what advisory counsel was expected to do during the of the representation of Mr. Hostetter.  In its latest filing, the Government has referenced Protective Orders in other cases that are NOT a part of Mr.

Hostetter's case.  The Government never sought any amended protective order after the time Mr. Hostetter was granted pro se status in this case.  In fact, advisory counsel sent numerous emails to Government counsel advising them that advisory counsel was not authorized to review all of the discovery in the case, which includes the millions of pages of bate stamped discovery as well as thousands of hours of audio/video.  As the court knows, Mr. Hostetter was specifically told he may be ordered to reimburse the court for advisory counsel at the end of the case.  Given the reimbursement issue, advisory counsel has been mindful of time expended and has only provided assistance and advice when it was specifically requested.

The Government represented to the Court in its latest filing:  "Notably, neither Defendant nor Ms. Kenney have ever represented to the Government that they are unable to access the materials provided in global discovery."  **This representation to the Court is false.**  Specifically, advisory counsel sent numerous emails to the Government as discussed below.

On February 16, 2022, advisory counsel sent an email to the Government stating: "Since Hostetter is pro se, he is treated as an attorney. The discovery needs to be provided directly to him. This is not in violation of the protective order since he is pro se. Until it's provided directly to him, it cannot be deemed having been produced. If your office continues to ignore his pro se status, his due process rights will continue to be violated."

On March 25, 2022, advisory counsel sent another email to the Government referencing their failure to reply to the February 16, 2022 email and directing them to provide discovery directly to Mr. Hostetter.

On April 29, 2022, advisory counsel sent yet another email to the Government stating: "As I have previously stated numerous times, I am not authorized as CJA advisory counsel to accept any discovery and/or view it on behalf of Mr. Hostetter who continues to be pro se.

1    Failure to serve him directly as a pro se defendant will constitute yet another blatant violation

2    of his rights and create appellate issues."

3         On September 24, 2022, advisory counsel sent yet another email to Government counsel

4    stating:  As I've stated to the prior prosecutors handling this case, all communications are

5    supposed to be sent directly to Mr. Hostetter since he's acting as his own attorney. I would

6    only need to be CCed on any communications since I am only advisory counsel and very

7    limited on what I am allowed to do."

8         Aside from making misrepresentations to the court about advisory counsel's

9    communications, the Government should refrain from interfering with Mr. Hostetter's pro se

10   status, and further refrain from making public filings that are clearly designed to interfere with

11   the attorney-client relationship between Mr. Hostetter and advisory counsel.

12

13                                              Respectfully Submitted,

14   DATED: June 13, 2023              / s/ _____
                                       Karren Kenney
15                                     Advisory Counsel

16

17

18

19

20

21

22

23

24

25