## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-392-1 (RCL)** |
| | : | |
| **ALAN HOSTETTER,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES PRETRIAL STATEMENT

Pursuant to this Court's Pretrial Scheduling Order of April 26, 2023 (ECF No. 201), the United States submits the attached pretrial statement. This filing includes (1) proposed instructions for the Court to consider when rendering its verdict and elements of each charged offense along with legal authority, (2) the government's witness list, and (3) the government's exhibit list. For ease of reference, the government's exhibit list is filed as an attachment to this filing.[1]

The Court's order also asked that the pretrial statements include "a draft of all stipulations." ECF No. 201, at 2. The United States has proposed a series of stipulations to the defendant, which would resolve the need for the testimony of many witnesses. The United States and the defendant have been unable to reach agreement to date.[2] To the extent the parties agree on proposed stipulations, we will file them with the Court as soon as they are prepared.

---

[1] In the interest of narrowing the trial presentation, the United States may seek to supplement its exhibit list with additional subpart exhibits, which would represent clipped portions of videos already indicated on the exhibit list, or narrower portions of Telegram, Facebook, or text message communications already indicated on the exhibit list.

[2] At a June 15, 2023, hearing before this Court, the United States estimated that its case-in-chief would take approximately four days. The United States offered this estimate with the expectation that the parties would be able to reach agreement on stipulations regarding authentication, chain-of-custody, and other technical matters. Because the parties have been unable to reach any such stipulations, the United States expects that its case-in-chief will take longer.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   */s/ Anthony W. Mariano*
ANTHONY W. MARIANO
MA Bar No. 688559
JASON M. MANNING
NY Bar No. 4578068
Trial Attorneys, Detailees
Capitol Siege Section
United States Attorney's Office
for the District of Columbia
601 D Street N.W.
Washington, D.C. 20530
(202) 476-0319
Anthony.Mariano2@usdoj.gov
(202) 514-6256
Jason.Manning@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-cr-392-1 (RCL)** |
| | **:** | |
| **ALAN HOSTETTER,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## <u>NOTICE OF PROPOSED ELEMENTS OF LAW</u>

The United States of America, by and through its undersigned attorneys, hereby submits proposed elements of law for the four counts in which the defendant is charged in the Second Superseding Indictment (hereinafter, "Indictment"), ECF No. 210, as ordered by the Court, ECF No. 201.

**COUNT ONE**
**CONSPIRACY TO OBSTRUCT AN OFFICIAL PROCEEDING**[3]
**(18 U.S.C. § 1512(k))**

Count One of the Indictment charges that from in and around December 19, 2020, through January 6, 2021, the defendant participated in a conspiracy to corruptly obstruct an official proceeding.

Elements

In order to find the defendant guilty of conspiring to corruptly obstruct an official proceeding, the factfinder must find that the government proved both of the following two elements beyond a reasonable doubt:

First, that the defendant conspired or agreed with at least one other person with the goal of committing the crime of corruptly obstructing an official proceeding.

Second, that the defendant knowingly and intentionally joined or entered into that agreement with awareness of and the intent to further its unlawful goal.

The instructions in Count Two, which charges obstruction of an official proceeding, apply equally here when the factfinder is considering whether the defendant conspired to commit the crime that is charged substantively in Count Two.

A conspiracy is an agreement by two or more persons to join together to accomplish some unlawful purpose.

The first element of the crime of conspiracy is the existence of an agreement.  The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either explicitly or implicitly, to

---

[3] *See, e.g.*, *United States v. Nordean, et al.*, 21-cr-175 (TJK) (ECF No. 767 at 24-25); *United States v. Rhodes et al.,* 22-cr-15 (APM) (ECF No. 393 at 25-26); *United States v. Badalian*, 21-cr-246 (ABJ) (ECF No. 173 at 1-3) (Section 371).

work together to achieve the overall objectives of the conspiracy.  It does not need to prove the existence of a formal or written agreement, an express oral agreement, or a meeting at which all of the details were agreed upon or discussed.  But merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists. What the United States must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, including a mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

It does not matter whether the persons who formed the agreement actually carried out their plans or whether the agreement ultimately was successful.   But proof concerning the accomplishment of the object of a conspiracy may be evidence of the existence of the conspiracy itself.

In determining whether there has been an unlawful agreement as alleged in the Indictment, the factfinder may consider both direct evidence and circumstantial evidence.  The factfinder may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The only evidence that may be available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, the factfinder may conclude—or may not— that this evidence warrants the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

The second element is whether the defendant knowingly and intentionally joined or entered into that agreement with awareness of and the intent to further its unlawful goal.  The government must prove beyond a reasonable doubt that the defendant knowingly entered into the conspiracy with criminal intent—that is, with a purpose to violate the law—and that he agreed to take part in

the conspiracy to promote and cooperate in its unlawful objectives.

Unlawfully means contrary to law; the defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of the objectives.

The defendant must have joined the conspiracy knowingly and intentionally; an act is done knowingly and intentionally if it is done deliberately and purposely, and it is not the product of a mistake or accident.

It is not necessary to find the defendant agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement.  A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.  Even if the defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement.  Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy.

In determining whether a conspiracy between two or more persons existed and whether each defendant was one of its members, the factfinder may consider the acts and the statements of any other members of the conspiracy as evidence against all of the defendants whether done in or out of their presence while the conspiracy existed.

<u>**COUNT TWO**</u>
<u>**OBSTRUCTION OF AN OFFICIAL PROCEEDING,**</u>
<u>**AND AIDING AND ABETTING**</u>[4]
**(18 U.S.C. §§ 1512(c)(2), 2)**

Count Two of the Indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law.

Count Two also charges the defendant with aiding and abetting others to commit that offense.

<u>Elements</u>

In order to find the defendant guilty of this offense, the factfinder must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

<u>Definitions</u>

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

The term "official proceeding" includes a proceeding before Congress. The official

---

[4] 18 U.S.C. § 1512(c)(2).  For other January 6 trials that have used similar instructions to these, *see, e.g.*, *United States v. Stedman*, 21-cr-383 (BAH) (ECF No. 69 at 5-8); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 8); *United States v. Wren, et al.*, No. 21-599 (RBW) (instructions not yet available on ECF); *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No. 97 at 10); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 11-12); *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF No. 84 at 24); and *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF No. 215 at 7).

proceeding need not be pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.  For purposes of this count, the term "official proceeding" means Congress' Joint Session to certify the Electoral College vote.[5]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, the factfinder may consider all of the evidence, including what the defendant did, said, or perceived.[6]

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both.  The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For

---

[5] In *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023), the D.C. Circuit held "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2).  *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress"); § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense").  For the nexus requirement (that the official proceeding need be reasonably foreseeable), *see United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995).  For other January 6 trials that have used this instruction, *see, e.g.*, *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-26); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 12); *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF No. 832 at 26); and *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 23).

[6] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 9) (same).

example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly.  In addition, the First Amendment to the United States Constitution affords people the right to speak, assemble, and petition the Government for grievances. Accordingly, an individual who does no more than lawfully exercise those rights does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[7]  Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.[8]

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose.  The defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.  However, the fact that the defendant's mere presence may have had the unintended effect of obstructing or impeding a

[7] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022).  For other January 6 trials that have used similar instructions, *see, e.g.*, *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-29); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

[8] This last line, which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10); and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 24).

proceeding does not establish that the defendant acted with the intent to obstruct or impede that proceeding.[9]

## **AIDING AND ABETTING**[10]

In this case, the government further alleges that the defendant committed obstruction of an official proceeding, as charged in Count Two, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Two.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if the factfinder finds beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, the factfinder must find that the government proved beyond a reasonable doubt the following elements:

> First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as explained above.

> Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

---

[9] *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

[10] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, the factfinder must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, the factfinder may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for the factfinder to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the

11

defendant with the offense, the factfinder may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**ATTEMPT**[11]

In Count Two, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, the factfinder must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as defined above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, the factfinder may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant thought about it. The factfinder must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

---

[11] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.

With respect to the substantial step element, the factfinder may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant made some plans to or some preparation for committing that crime.  Instead, the factfinder must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

***

The defendant may be found guilty of the offense charged in Count Two if the defendant obstructed an official proceeding, attempted to obstruct an official proceeding, or aided and abetted the obstruction of an official proceeding.  Each of these three ways of committing the offense is described in these instructions.  If the factfinder finds beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, the factfinder should find the defendant guilty of Count Two, and need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other two ways.

**COUNT THREE**
**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS**
**WITH A DEADLY OR DANGEROUS WEAPON**[12]
**(18 U.S.C. § 1752(a)(1), (b)(1)(A))**

Count Three of the Indictment charges the defendant with entering or remaining in a restricted building or grounds with a deadly or dangerous weapon.

Elements

In order to find the defendant guilty of this offense, the factfinder must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.[13]

Third, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.[14]

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will

---

[12] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

[13] In *United States v. Bingert et al.*, 21-cr-91 (RCL) (ECF 163), this Court recently held that to prove that defendants "knowingly" committed the relevant acts in a "restricted building or grounds" for purposes of violations of 18 U.S.C. § 1752(a)(1) and (2), the government must prove not only that defendants knew they were in a "posted, cordoned off, or otherwise restricted area," but also that they knew that it was such an area "of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." For the reasons set forth in the Government's Motion to Reconsider Legal Instructions in that case, the government respectfully submits that this instruction imposes a burden on the government to prove that the defendant knew *why* the area was restricted, and that requirement is not consistent with the statutory text, structure, or Congressional intent. *See United States v. Bingert et al.*, 21-cr-91 (RCL) (ECF 164).

[14] *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 34); *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 24).

be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, the factfinder may consider all of the evidence, including what the defendant did, said, or perceived.  The term "knowingly" has the same meaning described in the instructions for Count Two.

An object may be considered a "deadly or dangerous weapon" for one of two reasons.  First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly.  Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death.  The defendant need not have actually used the object in that manner.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count Three, that is, entering or remaining in a restricted building or grounds, the factfinder must find the following elements beyond a reasonable doubt:

> First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

> Second, the defendant did so knowingly.[15]

---

[15] *See* n.11, *supra.*

**COUNT FOUR**
**DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING**
**WITH A DEADLY OR DANGEROUS WEAPON**[16]
**(18 U.S.C. § 1752(a)(2), (b)(1)(A))**

Count Four of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon.

Elements

In order to find the defendant guilty of this offense, the factfinder must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.[17]

Definitions

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is

---

[16] 18 U.S.C. § 1752.

[17] *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 37); *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 25); *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 22); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 16).

unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person. [18]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[19]

The terms "restricted building or grounds" and "knowingly" [20] have the same meanings described in the instructions for Count Three.  The term "deadly and dangerous weapon" also has the same meaning described in the instructions for Count Three.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count Four, that is, disorderly or disruptive conduct in a restricted building or grounds, the factfinder must find the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly,[21] and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

---

[18] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 27).
[19] Redbook 6.643.
[20] *See* n.11, *supra.*
[21] *See* n.11, *supra.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 21-CR-392-1 (RCL)** |
| | : | |
| **ALAN HOSTETTER,** | : | |
| | : | |
| Defendant. | : | |

**<u>GOVERNMENT'S WITNESS LIST</u>**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits that some or all of the following individuals may be called by the United States to testify, during this trial:

<u>Civilian Witnesses</u>
Russell Taylor

<u>Metropolitan Police Department</u>
Sergeant Matthew Cek
Officer Robert Niewenhous

<u>United States Capitol Police</u>
Officer Mark Gazelle*
Officer Joseph Pitts

<u>United States Secret Service</u>
Inspector Lanelle Hawa*

<u>U.S. Congress</u>
Daniel Schwager*

<u>Federal Bureau of Investigation</u>
Jessica Salo
Evan Jesch^
Jesse Lee Kroupa^
Ignacio Ramos, Jr.^
Michael A. Kennedy^
Christopher D. Velazquez^
Lyza L. Bellinger-Johnson^
Dominic Ambrosio^
Edward Shamoon^
James Michael Pewsey^
Kathleen Grimley^
Ana L. Miller^
Eliot B Melcer^
Colin M. Dwyer^
Chris Pryor^
Shemol Ahmed Mashruf^
Matt Jaremenko^
Tom Fullerton^
Joe Monroe^
David Enriquez^
Daniel Dales^

*Indicates overview witness subject to change.
^Indicates witness relevant only for authenticity or chain of custody testimony.

18