UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO: 21-CR-392-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN HOSTETTER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR STAY AND RELEASE PENDING APPEAL**

COMES NOW, Alan Hostetter, pro se and with permission by and through CJA advisory counsel, Karren Kenney, respectfully requests that the current surrender date and sentence rendered in this matter be stayed until the U.S. Supreme Court resolves *Fischer v. United States*. The grounds for the request are as follows:

1) Hostetter was found guilty by this court on all charges, which included Counts 1 through 4 of the Second Superseding Indictment, which charged him with, respectively, Conspiracy to Obstruct an Official Proceeding ( 18 U.S.C. § 1512(k)); Obstruction of an Official Proceeding (18 U.S.C. § 1512(c)(2));  18 U.S.C. § 1752(a)(1), (b)(1)(A) Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon; and 1752(a)(2), (b)(1)(A) Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon.

2)   This court sentenced Mr. Hostetter on December 7, 2023 to 135 months of prison on

the 18 U.S.C. § 1512(k) and 1512(c)(2) charges.  This court intertwined the conduct

in Counts 1 and 2 with Counts 3 and 4 in its "Notes for Oral Ruling from the Bench

under Rule 23(c)" (see ECF 275), and sentenced Hostetter to 120 months concurrent

on the 18 U.S.C. § 1752(a)(1), (b)(1)(A) and 1752(a)(2), (b)(1)(A) charges.  The

court ordered a surrender date on or after January 5, 2024.

3)   On December 13, 2023 the United States Supreme Court granted certiorari in *Fischer*

*v. United States*, 64 F.4th 329 (2023), *cert. granted* 23-5572. The question presented

to the Supreme Court in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C.

§ 1512(c) ("Witness, Victim, or Informant Tampering"), which prohibits obstruction

of congressional inquiries and investigations, to include acts unrelated to investigationsa

and evidence?"

4)   Resolution of *Fischer* directly impacts the 135 month sentence this court imposed and

could lead to dismissal or acquittal in relation to those counts.

5)   Hostetter has maintained a perfect record of compliance while on pretrial release. A

Stay on his surrender date poses no threat to public safety.

6)   The government opposes this request.

In addition, pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) &

38(b)(1), Defendant Alan Hostetter respectfully moves this Court for release pending appeal. Mr.

Hostetter satisfies the criteria for release because he poses no flight or safety risk, his appeal is

not for the purpose of delay, and his appeal raises a substantial question of law that, if decided in

his favor, would likely result in a complete reversal of his convictions. In particular, a substantial

question exists as to whether the statute underlying Mr. Hostetter's felony conviction, 18 U.S.C.

§ 1512(c)(2), applies to his conduct on January 6, 2021, in light of the Supreme Court's recent

decision to grant certiorari in *United States v. Fischer*, No. 23-5572, 2023 WL 8605748 (Dec.

13, 2023). In fact, this Court referenced the *Fischer* case in its 17-page "Notes for Oral Ruling

from the Bench Under Rule 23(c)" when it convicted Hostetter of all counts. (See ECF 275, page

11).

On December 13, 2023, the Supreme Court granted certiorari in Fischer, which presented

the following question: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ("Witness,

Victim, or Informant Tampering"), which prohibits obstruction of congressional inquiries and

investigations, to include acts unrelated to investigations and evidence?" *Id*.

I.      **Grounds for Release Pending Appeal**

A court "shall order the release" of an individual pending appeal if it finds: (A) by clear

and convincing evidence that the person is not likely to flee or pose a danger to the safety of any

other person or the community if released . . . ; and (B) that the appeal is not for the purpose of

delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order

for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced

sentence to a term of imprisonment less than the total of the time already served plus the

expected duration of the appeal process. 18 U.S.C. § 3143(b)(1); see also *United States v.*

*Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987). Mr. Hostetter meets all of the statutory

criteria for release pending appeal.

**A. Mr. Hostetter poses no flight or safety risk.**

Mr. Hostetter's behavior since the inception of this case has demonstrated by clear and convincing evidence that he will not flee and is not a safety risk. Since January, 2021, Mr. Hostetter was released on conditions and a personal recognizance bond. Thus, for almost three years, Mr. Hostetter fully demonstrated his compliance with all pretrial release conditions. For these reasons, as this Court found after it rendered its guilty verdicts, this court allowed him to stay out of custody pending his sentencing finding he presented no flight or safety risk.

**B.  Mr. Hostetter's appeal raises a substantial question and therefore is not for the purpose of delay.**

Whether Section 1512(c)(2) applies to Mr. Hostetter's conduct is a substantial question of law. As another Court in this district previously found that "reasonable minds can disagree" with respect to this question—a conclusion that has become only more robust with the Supreme Court's granting certiorari in *Fischer* to address whether Section 1512(c) includes conduct (like Mr. Hostetter's) that is unrelated to investigations and evidence. A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require the Court to find that Mr. Hostetter's appeal establishes a likelihood of reversal. See *Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well could be'" decided in the defendant's favor. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)).

As the Court is aware, Mr. Hostetter challenged the propriety of the felony obstruction counts in this case. The statutory language, legislative history, and legal precedent reflect that §

1512(c)(2) prohibits only the corrupt obstruction of tribunal-like proceedings before Congress related to the administration of justice, not a proceeding like the certification of the electoral college vote. Second, the conduct Mr. Hostetter was accused of committing cannot qualify as conduct that "otherwise obstructs, influences, or impedes" an official proceeding, as § 1512(c)(2) is limited by § 1512(c)(1). As such, subsection (c)(2) prohibits only conduct that undermines an official proceeding's truth-finding function through actions impairing the integrity and availability of evidence. Third, as charged, § 1512(c)(2) does not provide fair notice that "official proceedings" includes proceedings unrelated to the administration of justice, and the statute's mens rea requirement—that the criminal act be committed "corruptly"—lacks a limiting principle, rendering the statute unconstitutionally vague as applied to Mr. Hostetter.

Indeed, substantiality is not hypothetical here: the Supreme Court has granted certiorari to assess whether the D.C. Circuit erred in adopting a broad reading of 18 U.S.C. § 1512(c) "to include acts unrelated to investigations and evidence." See Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023).

**C.  Resolution of this substantial question in Mr. Hostetter's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.**

If decided in Mr. Hostetter's favor, his appellate challenge to the applicability of Section 1512(c)(2) would likely result in a substantially reduced imprisonment sentence.  Given that the D.C. Circuit will likely hold Mr. Hostetter's case in abeyance pending the Supreme Court's decision in *Fischer*, even if nothing else changes, Mr. Hostetter's sentence absent the obstruction counts will likely be less than the expected duration of the appeal process.

/ / /

**Conclusion**

For these reasons, Mr. Hostetter respectfully moves for a stay of his surrender date and for release pending appeal.

DATED:  December 26, 2023                    Respectfully submitted,

                                             /s/Karren Kenney
                                             *Karren Kenney*
                                             Karren Kenney – DC Bar No.
                                             Kenney Legal Defense
                                             2900 Bristol Street, Suite C204
                                             Costa Mesa, CA  92626
                                             (855) 505-5588
                                             kenneylegaldefensecorp@gmail.com

                                             Advisory Counsel for Defendant Hostetter


                                             _____
                                             Alan S. Hostetter (Dec 26, 2023 14:28 CST)
                                             ALAN HOSTETTER, PRO SE

**Certificate of Service**

I hereby certify that on the 26th day of December, 2023, I filed the foregoing request with the

Clerk of Court using the CM/ECF system which will notify counsel of record. I hereby certify

that I have mailed the document by United States mail, first class postage prepaid, to the

following non-CM/ECF participant(s), addressed as follows: [none].

/s/Karren Kenney

Karren Kenney – DC Bar No.
Kenney Legal Defense
2900 Bristol Street, Suite C204
Costa Mesa, CA  92626
(855) 505-5588
kenneylegaldefensecorp@gmail.com

# Motion for Stay Pending Appeal (signed)

Final Audit Report                                                2023-12-26

| | |
|---|---|
| Created: | 2023-12-26 |
| By: | Karren Kenney (karren.kenney@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAXcKClVKXjWsK_9Y7VJmu3F4IV_liCiWe |

## "Motion for Stay Pending Appeal (signed)" History

Document created by Karren Kenney (karren.kenney@gmail.com)
2023-12-26 - 7:36:54 PM GMT- IP address: 47.156.203.239

Document emailed to alanhostetter@gmail.com for signature
2023-12-26 - 7:37:35 PM GMT

Email viewed by alanhostetter@gmail.com
2023-12-26 - 8:14:57 PM GMT- IP address: 174.224.12.90

Signer alanhostetter@gmail.com entered name at signing as Alan S. Hostetter
2023-12-26 - 8:28:38 PM GMT- IP address: 174.224.12.90

Document e-signed by Alan S. Hostetter (alanhostetter@gmail.com)
Signature Date: 2023-12-26 - 8:28:40 PM GMT - Time Source: server- IP address: 174.224.12.90

Agreement completed.
2023-12-26 - 8:28:40 PM GMT

Adobe Acrobat Sign