## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-cr-392-1 (RCL)** |
| **ALAN HOSTETTER,** | |
| **Defendant.** | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO STAY AND FOR RELEASE PENDING APPEAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Alan Hostetter's Motion To Stay and for Release Pending Appeal (ECF No. 390), which is in effect a motion for bail in light of the Supreme Court's certiorari grant in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572, 2023 WL 860578 (Dec. 13, 2023).  *Fischer* relates to the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes of which the defendant was convicted.  The Supreme Court's grant of certiorari does not justify bail here.  Regardless of the outcome in *Fischer*, the defendant cannot establish by clear and convincing evidence that he does not pose a danger to the community.  Moreover, because the defendant has been sentenced to imprisonment on other counts not affected by *Fischer*, he cannot show that there is any likelihood that the outcome in *Fischer* will result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Accordingly, the defendant's motion should be denied.

## I.      BACKGROUND AND PROCEDURAL HISTORY

The grand jury returned a Second Superseding Indictment on May 10, 2023, charging the

defendant with felony violations of Sections 1512(k), 1512(c)(2) & 2, 1752(a)(1) & (b)(1)(A), and

1752(a)(2) & (b)(1)(A).  On July 13, 2023, the defendant was convicted of all counts following a

bench trial.  On December 7, the defendant was sentenced to the following:

> **Count One – 18 U.S.C. § 1512(k):** One-hundred-thirty-five (135) months of incarceration to run concurrently, thirty-six (36) months of supervised release to run concurrently, $100 special assessment, $2,000 restitution (for all counts), and $30,000 fine (for all counts).

> **Count Two – 18 U.S.C. §§ 1512(c)(2) & 2:** One-hundred-thirty-five (135) months of incarceration to run concurrently, thirty-six (36) months of supervised release to run concurrently, $100 special assessment, $2,000 restitution (for all counts), and $30,000 fine (for all counts).

> **Count Three – 18 U.S.C. § 1752(a)(1) & (b)(1)(A):** One-hundred-twenty (120) months of incarceration to run concurrently, thirty-six (36) months of supervised release to run concurrently, $100 special assessment, $2,000 restitution (for all counts), and $30,000 fine (for all counts).

> **Count Four – 18 U.S.C. § 1752(a)(2) & (b)(1)(A):** One-hundred-twenty (120) months of incarceration to run concurrently, thirty-six (36) months of supervised release to run concurrently, $100 special assessment, $2,000 restitution (for all counts), and $30,000 fine (for all counts).

*See* ECF No. 384. The Court's judgment recommended that "The Defendant be allowed to self-

surrender on or after January 5, 2024."[1]  *Id.*  On December 12, 2023, the defendant filed a notice

of appeal.  *See* ECF No. 386.  On December 26, 2023, the defendant filed the instant motion to

extend his self-surrender date until a decision is made regarding *Fischer*.  *See* ECF No. 390 at 1,

and pending his own appeal, *id.* at 2.

---

[1] The "on or after" language was included following a discussion at the December 7, 2023 sentencing hearing, when the Court was informed that the Bureau of Prisons would provide the defendant with a reporting date, after making a location assignment, and that this process may extend beyond January 5, 2024.

## II.     LEGAL STANDARD

The defendant's motion is properly construed as a motion for release pending appeal under

18 U.S.C. § 3143(b).  *See* ECF No. 390 at 2.  The statute does not authorize the defendant's release

here.

Under 18 U.S.C. § 3143(b), a defendant who has been sentenced to a term of imprisonment

"shall . . . be detained" unless the court finds that two separate requirements are met:

> (1)     "clear and convincing evidence that the person is not likely to flee
> or pose a danger to the safety of any other person or the community if released,"
> and
>
> (2)     that the appeal "raises a substantial question of fact or law likely to
> result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not
> include a term of imprisonment, or (iv) a reduced sentence to a term of
> imprisonment less than the total of the time already served plus the expected
> duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)–(B).  The requirements for "reversal" and "an order for a new trial"

encompass all counts, not just a single count.  *United States v. Perholtz*, 836 F.2d 554, 557 (D.C.

Cir. 1988) (explaining that defendants "cannot be released unless the appeal raises a substantial

question likely to result in reversal of *all counts* on which imprisonment is imposed") (emphasis

added).  If a judicial officer finds that a defendant is eligible for release because the appeal is

"likely" to result in "a reduced sentence to a term of imprisonment less than the total of the time

already served plus the expected duration of the appeal process," the remedy is not immediate

release; rather, "the judicial officer shall order the detention terminated at the expiration of the

likely reduced sentence."  18 U.S.C. § 3143(b)(1)(B).  It is the defendant's burden to make the

requisite showing under 18 U.S.C. § 3143(b)(1)(B).  *Perholtz*, 836 F.2d at 555–56 (referring to

"the required showing on the part of the defendant"); *United States v. Libby*, 498 F. Supp. 2d 1, 3

(D.D.C. 2007).

## III.   ARGUMENT

Even assuming that the *Fischer* issue raises a "substantial question," the defendant fails to make the required showing for release.[2]

As an initial matter, the defendant is unable to show by clear and convincing evidence that he is not a danger.  The defendant made the danger he poses to the community clear with his conduct prior to and on January 6, 2021.  After repeatedly calling for the executions of his political opponents, he and his principal coconspirator, Russell Taylor, stormed the U.S. Capitol, each carrying a hatchet, among other weapons.  Hostetter had driven across the country in order to make sure these weapons were available for their attack.  On Capitol grounds, Hostetter followed closely behind Taylor as Taylor joined a group pushing past a police line on the Inaugural Stage.  He cheered on rioters below, on the West Plaza, as they overran police lines there.  And after occupying Capitol grounds for hours—in fulfillment of his goal—he bragged about being "in the thick of it" and getting "tear gassed and flash banged."  He boasted, "This was the shot heard round the world."  Hostetter's willingness to call for, join in, and celebrate political violence make him a clear danger to the community going forward.

Further, the defendant also fails to meet the second prong of the test.  Assuming that a *Fischer*-related appeal raises a "substantial question," the defendant cannot show that a reversal in *Fischer* (and a subsequent reversal in his case) is likely to lead to reversal, an order for a new trial, or a nonjail sentence on all counts, given that there are other felony counts of conviction not at

---

[2] Beyond the reference to the arguments raised in *Fischer*, the defendant offers no basis for release pending his own appeal.  ECF No. 390 at 2–3.  The defendant does not assert that any other appellate issue he intends to raise in this case raises a "substantial question of fact or law" that would justify the release requested.

issue in *Fischer*.[3]  Specifically, both Count Three (18 U.S.C. § 1752(a)(1) & (b)(1)(A)) and Count

Four (18 U.S.C. § 1752(a)(2) & (b)(1)(A))—for which the defendant was sentenced to 120  months

of incarceration—would be unaffected by *Fischer*.[4]

Nor does the defendant show that reversal is *Fischer* "likely" to lead to "a reduced sentence

to a term of imprisonment less than the total of the time already served plus the expected duration

of the appeal process," given the sentences imposed on the other counts of conviction.  Regardless

of the implications of *Fischer*, the defendant was sentenced to 120 months of incarceration on the

two felony counts not at issue in the *Fischer* appeal.  The suggestion that a hypothetical post-

*Fischer* resentencing would decrease the penalty to a mere six months does not hold water.  The

defendant stormed the Capitol, intending to disrupt the peaceful transfer of power, with a hatchet.

*See* ECF Nos. 275 (the Court's finding of fact in support of its verdict) & 383 (government

sentencing memorandum, detailing the defendant's criminal conduct).  His conduct threatened the

safety of officers, legislators, the staff—and democracy.  It is well deserving of the 120-month

sentence the Court imposed.  In addition to the Court's findings with respect to Counts Three and

---

[3] The defendant's filing indicates his appeal will relate to the application of Section 1512(c)(2).
*See* ECF No. 390 at 5 ("his appellate challenge to the applicability of Section 1512(c)(2)").  This
issue is not indicated in the defendant's Notice of Appeal.  *See* ECF No. 386.  The defendant also
states, without reference to any prior filing, "Mr. Hostetter challenged the propriety of the felony
obstruction counts in this case."  ECF No. 390 at 4.  In fact, the defendant never filed any motion
to dismiss the Section 1512 counts premised on the same arguments raised in *Fischer*.  *See* ECF
No. 99 (defendant's motion to dismiss for "outrageous government conduct").

[4] The United States does not dispute here that a ruling in *Fischer* regarding Section 1512(c)(2)
may similarly implicate Section 1512(k) in this case.  But the defendant's argument that his appeal
would "likely result in a complete reversal of his convictions," ECF No. 390 at 2, is baseless.  The
defendant never explained how *Fischer* would implicate his Section 1752 convictions.  Likewise,
the defendant's own Notice of Appeal does not raise questions regarding the Section 1752
convictions, but rather the length of the sentence imposed.  *See* ECF No. 386 ("Concise statement
of judgment or order, giving date, and any sentence: Judge Lamberth entered judgment and a
sentence on December 7, 2023, imposing a 135 month sentence.  This sentence is in violation of
the 8th Amendment and constitutes Cruel and Unusual Punishment.").

Four, *see* ECF No. 275, the evidence of the defendant's intent and planning for January 6—discussed in detail in the government's sentencing memorandum, ECF No. 383—would be relevant to any resentencing on these counts.  Those facts underscore the seriousness of the defendant's offense, the need to protect the public, and the need to promote respect for the law. Combined with the serious need for general and specific deterrence, the Court's 120-month sentence was justified, even were Counts One and Two to be dismissed as a result of a future decision by the Supreme Court in *Fischer*.

A decision in *Fischer* is expected by June 2024, approximately six months after the defendant's reporting date.  Therefore, the appeal will be resolved before the defendant has finished serving his time on his other counts of conviction, assuming that the Court would have sentenced him to at least six months' imprisonment on the two remaining counts, as the government urges.  Thus, a reversal of his Section 1512(c)(2) and 1512(k) counts would not result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

Even if the Court believes that it is "likely" that the defendant would be resentenced to six months or less, the remedy is not to release the defendant now, or to stay his incarceration entirely. Instead, the statute directs the Court to order the defendant released only once he has served the amount of time he is likely to serve upon resentencing, not immediately. 18 U.S.C. § 3143(b)(1)(B) ("in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated *at the expiration of the likely reduced sentence*") (emphasis added). Therefore, to release the defendant based on the likelihood of a reduced sentence, the Court must calculate that reduced sentence, and the defendant must still serve that amount of time before being released pending appeal.  *See, e.g.*, May 25, 2023 Order, *United States v. Brock*, D.C. Cir. Case

No. 23-3045 (denying motion for release pending appeal in January 6 case where "the district court did not specifically address what appellant's "likely reduced sentence" would be if his conviction under 18 U.S.C. § 1512(c) is reversed. Nor has appellant made that showing . . . .").

For all these reasons, the defendant's Motion To Stay and for Release Pending Appeal should be denied, and the Court should proceed with the self-surrender date in January 2024.[5]

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

BY:        */s/ Anthony W. Mariano*
ANTHONY W. MARIANO, MA Bar No. 688559
JASON M. MANNING, NY Bar No. 4578068
TERENCE A. PARKER, NY Bar No. 5775192
Trial Attorney, Detailees
Capitol Siege Section
United States Attorney's Office
for the District of Columbia
601 D Street N.W.
Washington, DC 20530
(202) 476-0319
Anthony.Mariano2@usdoj.gov
(202) 514-6256
Jason.Manning@usdoj.gov
(202) 803-1600
Terence.Parker3@usdoj.gov

---

[5] Should the Court construe this motion as a motion to say, the same outcome should result. When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The fact that a certiorari petition has been granted does not suffice to establish likelihood of success on the merits, particularly given that nearly every judge to have considered the question has ruled for the government. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). The defendant will not be irreparably injured, especially because he has been sentenced to far longer than six months' imprisonment on other counts. And the final two factors favor the public interest in accountability and finality.