UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO: 21-CR-392-RCL |
| ) | |
| v. ) | |
| ) | |
| ALAN HOSTETTER, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO OPPOSITION IN SUPPORT OF MOTION FOR STAY AND RELEASE PENDING APPEAL**

In its Opposition, the Government claims "defendant cannot establish by clear and convincing evidence that he does not pose a danger to the community". This claim is ridiculous and not supported by the facts. If the court believed Mr. Hostetter was a "danger to the community" after it rendered its guilty verdicts back on July 13, 2023, the court would've immediately remanded him into custody. That did not happen! Instead, the court did not find him to be a "danger to the community" and allowed Mr. Hostetter to remain released on bond due to his exemplary compliance with all of his release conditions. To date, there has been no change in circumstances since Mr. Hostetter was allowed to remain on release after the bench trial verdicts, and he has continued his exemplery compliance.

1

The Government also argues the Court should deny Mr. Hostetter's motion because "the defendant cannot show that a reversal in *Fischer* is likely to lead to reversal of all four Counts in this case. The standard is not "whether the Court believes defendant has shown a likelihood of success on the merits of the appeal." *United States v. Quinn*, 416 F. Supp. 2d 133, 136 (D.D.C. 2006) (emphasis added). Nor does the statute require the district court to predict the probability of reversal. "After first making the findings as to flight, danger, and delay, a court must determine that the question raised on appeal is a "substantial" one, i.e. **it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful**. *United States v. Miller* (3d Cir. 1985) 753 F.2d 19, 23. In this case, as in many hundreds of others being prosecuted for the January 6th incident, there is a novel question regarding the 1512 counts (Counts 1 and 2), which in effect are intertwined with the 1752 counts (Counts 3 and 4). This intertwining is evident in the Court's specific findings it filed on July 13, 2023 (ECF 27e.

In the Court's specific findings as stated in the "Notes for Oral Ruling from the Bench Under Rule 23(c)" (ECF 275), the court connected Mr. Hostetter's conduct for the 1512 convictions in Counts 1 and 2, to the 1752 convictions in Counts 3 and 4. There is no dispute this Court relied upon and incorporated the *Fischer* decision in its guilty verdict for counts 1 and 2. On page 11 of this Court's special findings (EFC 275), the court stated:

> "Finally, I will address the unlawful benefit, given Judge Walker's concurring opinion in *United States v. Fischer*. On that point, I find that Mr. Hostetter took these actions in order to provide an unlawful benefit to his preferred presidential candidate, President Trump-by disrupting the Electoral College Certification that would have led to President Trump's loss of the presidency. For these reasons, I find defendant Alan Hostetter **GUILTY** of Count Two. Because Mr. Hostetter actually succeeded in obstructing and impeding the Electoral College Certification, the reasons just stated for Mr. Hostetter's guilt under Count Two, as well as the fact that Mr. Hostetter succeeded, also support my findings under Count One."

2

In addition, as to Counts 3 this Court stated:

> **"For the same reasons explained above with respect to Mr. Hostetter's knowledge of the Electoral College Certification**, including his presence at President Trump's speech, as well as his own testimony that he knew Vice President Pence was going to be at the Capitol presiding over the joint session of Congress, I find that Mr. Hostetter knew that Vice President Pence, a Secret Service protectee, was visiting, or was going to visit, the Capitol grounds." (ECF 275 page 13)

And as to Count 4 the court stated:

> "**For substantially the same reasons as I stated earlier for Counts Two and Three**, I find that Mr. Hostetter took these actions knowingly, with the intent to impede and disrupt the orderly conduct of Government business and official functions, and with the effect of actually disrupting the orderly conduct of Government business and official functions." (ECF 275 page 16)

Given the above, this Court intertwined its specific findings for Counts 1 and 2 with its reasoning for Counts 3 and 4.  These counts clearly cannot be viewed as separate and distinct from one another.   If Counts 1 and 2 do not stand after the Supreme Court rules on the *Fischer* issues, it would clearly affect the remaining verdicts for Counts 3 and 4 given the specific findings this Court issued.  Mr. Hostetter would have to be resentenced.

Furthermore, the Government believes weapons brought to the January 6th gathering were brought for the purpose of intimidating and assaulting government officials.  That belief is not supported by the evidence. Any weapons that anyone brought to January 6th were clearly for protection from the violent BLM and Antifa protestors that destroyed large cities around the country prior to January 6th.  It was anticipated they would show up to the January 6th events. Mr. Hostetter testified regarding these facts during the trial, which have been substantiated. In fact, one of the BLM activists was prosecuted in this Court's courtroom for his actions on January 6 -  John Sullivan (Case No. 1:21-cr-00078-RCL).  (https://kutv.com/news/local/utah-activist-charged-for-capitol-riot-appears-in-dc-court).   It's also recently been revealed (after Mr.

3

Hostetter's trial) that FBI agents had so many of their paid informants involved in the January 6 event that they lost count! (https://www.msn.com/en-us/news/politics/fbi-had-so-many-informants-at-jan-6-riot-they-lost-count/ar-AA1h445a)  Why would paid FBI informants be there????  To drum up their informant pay and try to incite riot? Remember in Trial Exhibit 313, an alleged protestor was continuously kicked and punched on the steps of the Capitol by law enforcement officers directly in front of the crowd located at the bottom of the steps.  This beating visibly upset the crowd.  Was this person one of the FBI informants placed there to specifically rile up the crowd? This beating by law enforcement IS what caused the crowd to get upset and push through the police line in the area where Mr. Hostetter was located.  (Screenshot of Trial Exhibit 313). Of course, the Government has never acknowledged this as a potential reason why the crowd became so upset.



In addition, there were numerous objections made to the exhibits the Government admitted into evidence, specifically the irrelevant assaultive conduct of protestors not associated

with Mr. Hostetter, as well as Government manipulated video footage. The defense also objected to irrelevant witnesses the Court allowed to be called, previously mentioned in the Motion. There are countless issues that will be raised on appeal, including but not limited to violations of Mr. Hostetter's Due Process rights, violation of his right to a Speedy Trial, insufficient evidence presented to sustain the convictions, as well as the imposed prison sentence that amounts to Cruel and Unusual Punishment given the actual conduct of Mr. Hostetter – walking to the Capitol with protestors while holding a flag and bullhorn, following others up the stairs, never pushing any law enforcement officer, never damaging any property, never assaulting anyone, and never going inside the building. The disparity in the sentence Mr. Hostetter received compared to others similarly situated is obvious.

## Conclusion

For these reasons, and as previously requested, this Court should stay Mr. Hostetter's surrender date and allow him to remain released on bond pending appeal.

DATED:  December 29, 2023                    Respectfully submitted,

/s/Karren Kenney

Karren Kenney – DC Bar No.
Kenney Legal Defense
2900 Bristol Street, Suite C204
Costa Mesa, CA  92626
(855) 505-5588
kenneylegaldefensecorp@gmail.com

Advisory Counsel for Defendant Hostetter

Alan S. Hostetter (Dec 29, 2023 18:53 CST)
ALAN HOSTETTER, PRO SE

**Certificate of Service**

I hereby certify that on the 29th day of December, 2023, I filed the foregoing request with the Clerk of Court using the CM/ECF system which will notify counsel of record. I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/Karren Kenney

Karren Kenney – DC Bar No.
Kenney Legal Defense
2900 Bristol Street, Suite C204
Costa Mesa, CA  92626
(855) 505-5588
kenneylegaldefensecorp@gmail.com