UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 1:21-cr-392-1-RCL |
| ALAN HOSTETTER, | |
| Defendant. | |

## ORDER

Mr. Hostetter moved this Court to stay his sentence and release him pending appeal on December 26, 2023. ECF No. 390. The government filed its opposition on December 28, ECF No. 392, and Mr. Hostetter replied on December 29, ECF No. 393. Mr. Hostetter's motion is now ripe. Upon consideration of the parties' filings, the applicable law, and the entire record herein, it is hereby **ORDERED** that Mr. Hostetter's motion [390] is **DENIED**.

The Court construes Mr. Hostetter's motion as a request for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, Mr. Hostetter must show by "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(1)(A). Mr. Hostetter must further show that his appeal "raises a substantial question of law or fact likely to result in" either "(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B).

The Court assumes without deciding that Mr. Hostetter can make the requisite showing under 18 U.S.C. § 3143(b)(1)(A). The Court further assumes that the question before the Supreme Court in *United States v. Fischer* is a "substantial" one within the meaning of Section 3143. *See*

1

*United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). The only "substantial question" identified in Mr. Hostetter's motion is the question presented in *Fischer*. *See* ECF No. 390.

Nevertheless, Mr. Hostetter's motion fails because he cannot show that any of the results required under 18 U.S.C. § 3143(b)(1)(B) are likely to result. *Fischer* does not implicate his convictions under Section 1752 (Counts Three and Four). Whether the D.C. Circuit is right or wrong regarding the scope of Section 1512(c) does not undermine this Court's factual findings as to what Mr. Hostetter did on January 6, findings which overwhelmingly support his conviction under Counts Three and Four of the Second Superseding Indictment. *See* ECF No. 275 (oral verdict). Mr. Hostetter's assertion that this Court "intertwined its specific findings for [the obstruction and conspiracy to obstruct counts] with its reasoning for [the remaining counts]" mistakes this Court's factual findings for its legal conclusions. The former will persist even if they are ultimately rendered legally insufficient to sustain a conviction under Section 1512(c). Because *Fischer* does not bear on the validity of Mr. Hostetter's convictions under Counts Three and Four, he is not at all likely to obtain "reversal" or an "order for a new trial" which respect to all counts, which is required to prevail under Section 3143(b)(1)(B). *See Perholz*, 836 F.2d at 557.

Nor can Mr. Hostetter show that his Section 1512(c) challenge is likely to result in "a sentence that does not include a term of imprisonment" or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). The government reasonably estimates that the Supreme Court will likely decide *Fischer* by June 2024. ECF No. 392 at 6. It is extremely unlikely that the six months Mr. Hostetter will have served by then will exceed any reduced sentence resulting from a successful challenge to Section 1512(c). The Court imposed a significant 120-month sentence on Counts Three and Four—which are not implicated by Mr. Hostetter's' Section 1512(c)

2

challenge—after presiding over a multi-day bench trial, preparing a copiously detailed oral verdict, and reviewing the whole record in advance of sentencing. An eventual sentence reduction from 120 months to 6 months would be a shocking result. Indeed, the sentence imposed "was and remains . . . sufficient, but not greater than necessary" under the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Alston*, No. 02-cr-57 (JDB), 2006 WL 1518952, at *4 (D.D.C. May 30, 2006) (internal quotation marks and citation omitted). On this record, Mr. Hostetter cannot show that his Section 1512(c) challenge is "likely to result in" no imprisonment or "a reduced sentence to a term of imprisonment" less than the time he will have served by the time the Supreme Court decides *Fischer*. 18 U.S.C. § 3143(b)(1)(B).

For all these reasons, Mr. Hostetter's motion [390] is **DENIED** and he must self-surrender in January 2024.

**SO ORDERED.**

Date: January 2, 2024

Royce C. Lamberth
United States District Judge