UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | CAUSE NO. 1:21-CR-392-RCL-1 |
| ALAN HOSTETTER | § § § | |

**DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

Pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), Defendant Alan Hostetter respectfully moves this Court for release pending appeal. Mr. Hostetter satisfies the criteria for release because he poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal raises a substantial question of law that the Supreme Court has decided in his favor and will likely result in a reduced imprisonment sentence that will expire before his appeal concludes. *See Fischer v. United States*, __ S. Ct. __, 2024 WL 3208034 (June 28, 2024). In *Fischer*, the Supreme Court held that "[t]o prove a violation of [18 U.S.C. §] 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or … other things used in the proceeding, or attempted to do so." *Id.* at *10. Mr. Hostetter's conduct at the U.S. Capitol on January 6, 2021 does not come within the strictures of § 1512(c)(2) as interpreted by *Fischer*. Accordingly, Mr. Hostetter's obstruction convictions will likely be vacated and his Guidelines sentencing range reduced.

## BACKGROUND

Mr. Hostetter was indicted for conspiracy to obstruct an official proceeding, under 18 U.S.C. § 1512(k) (Count One); obstruction of an official proceeding and aiding and abetting, under 18 U.S.C. §§ 1512(c)(2) and 2 (Count Two); entering and remaining in a restricted building or grounds with a dangerous weapon, under 18 U.S.C. §§ 1752(a)(1), (b)(1)(A) (Count Three); and disorderly and disruptive conduct in a restricted building or grounds with a dangerous weapon, under 18 U.S.C. §§ 1752(a)(2), (b)(1)(A) (Count Four). Dkt. 210 (Second Superseding Indictment). Mr. Hostetter pleaded not guilty and requested to represent himself. Dkt. 77 (Request for Self-Representation). After a hearing, this Court granted that request. Dkt. 83 (Order Granting Motion for Self-Representation). Mr. Hostetter waived his right to a jury trial, Dkt. 204 (Waiver of Trial by Jury), and proceeded to a bench trial. Trans. July 6 to July 13, 2023 (Bench Trial). This Court found Mr. Hostetter guilty on all counts. Dkt. 275 (Notes for Oral Ruling); Trans. July 13, 2023 at 104 (Bench Trial)

The presentence report (PSR) grouped all four counts and used the Guideline for the obstruction count, U.S.S.G. §2J1.2, for the entire group. Dkt. 336 at 13–14 (PSR). The resulting Guidelines range for the group was 135 to 168 months' imprisonment. Dkt. 336 at 21. At the sentencing hearing, this Court reduced the aggravated role adjustment from four points to two points, resulting in a Guidelines range of 108 to 135 months' imprisonment. Trans. Dec. 7, 2023 at 11–12 (Sentencing). The Court sentenced Mr. Hostetter to 135 months' imprisonment on Counts One and Two and to 120 months' imprisonment, the statutory maximum, on Counts Three and

Four, all to run concurrently. Dkt. 384 (Judgment). Mr. Hostetter appealed. Dkt. 386 (Notice of Appeal).

Mr. Hostetter was not detained throughout his prosecution. On June 14, 2021, this Court released Mr. Hostetter on personal recognizance with conditions. Dkt. 13. Mr. Hostetter remained free until after his sentencing, when he was required to self-surrender to the U.S. Bureau of Prisons by June 5, 2024. Trans. Dec. 7, 2023 at 49.

On December 26, 2023, Mr. Hostetter moved for release pending appeal, pursuant to 18 U.S.C. § 3143(b). Dkt. 390. One of the bases for the motion was the Supreme Court's granting writ of certiorari in *Fischer*. This Court denied the motion, assuming without deciding that Mr. Hostetter was not likely to flee or pose a danger to the safety of another person or the community, under § 3143(b)(1)(A). Dkt. 396 at 1. The Court also assumed that the question before the Supreme Court in *Fischer* was a "substantial" one. Dkt. 396 at 1. The Court held, however, that Mr. Hostetter had failed to show that a favorable resolution in *Fischer* would result in reversal or an order for new trial with respect to all his convictions, under § 3143(b)(1)(B). Dkt. 396 at 2. Nor, this Court held, had Mr. Hostetter shown that it would result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *See* § 3143(b)(1)(B). Dkt. 396 at 2–3. This Court reasoned that the 120-month sentences imposed on Counts Three and Four were "not implicated by Mr. Hostetter's Section 1512(c) challenge." Dkt. 396 at 2–3.

## Grounds for Release Pending Appeal

Where a judicial officer finds—

(A)   by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B)   that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

  (i)   reversal,

  (ii)   an order for a new trial,

  (iii)   a sentence that does not include a term of imprisonment, or

  (iv)   a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

. . . such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1).

After determining that a defendant is neither a flight risk nor a danger to the community, courts use a two step-inquiry to determine whether to release that defendant pending appeal under § 3143(b)(1): "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to [one of the options enumerated in § 3143(b)(1)(B)(i)–(iv)]?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam). In light of the

Supreme Court's decision in *Fischer*, Mr. Hostetter meets all of the statutory criteria for release pending appeal.

### A.    Mr. Hostetter poses no flight or safety risk.

Mr. Hostetter has demonstrated that he will not flee and is not a safety risk. Mr. Hostetter has a stable home and family life. He owns a home in Poolville, Texas, where he has lived for the past two years. Dkt. 336 at 16–17 (PSR). He has three grown children, two who live in California and one who resides in Texas. Dkt. 336 at 16. Although Mr. Hostetter and his wife are separated, they maintain a positive relationship. Mr. Hostetter is well-educated and has enjoyed gainful employment. He has his bachelor's degree and his master's degree. Dkt. 336 at 18. He was enlisted in the U.S. Army from 1982 to 1986. Dkt. 336 at 19. After the military, he worked in law enforcement for 24 years. Dkt. 336 at 19. After he retired from law enforcement, Mr. Hostetter worked as a private investigator for four years. Dkt. 336 at 18. He left that business to become a yoga and meditation teacher. Dkt. 336 at 18. Before this case, Mr. Hostetter had no criminal convictions. Dkt. 336 at 15.

In January 2021, Mr. Hostetter was released on personal recognizance with conditions. Dkt. 13. For almost three years, he was fully compliant with all pretrial release conditions. Dkt. 336 at 6 (PSR). After this Court convicted Mr. Hostetter, the Government requested he be detained. Trans. July 13, 2023 at 105. This Court denied the request and allowed Mr. Hostetter to remain free from custody. Trans. July 13, 2023 at 105–06. After this Court sentenced Mr. Hostetter to 135 months in prison, he was allowed to self-surrender by January 5, 2024. Trans. Dec. 7, 2023 at 49.

Mr. Hostetter's compliance with pretrial release conditions for nearly three years, his appearance at his court hearings, his stable residence and family life, and his lack of criminal history all show that he is not likely to flee and would not pose a danger if released. Indeed, this Court has recognized that Mr. Hostetter is not a flight risk—"I don't think he's going anywhere." Trans. July 13, 2023 at 106. Now that Mr. Hostetter's obstruction convictions have been undermined by the Supreme Court's decision in *Fischer*, he is even less likely to be going anywhere. Accordingly, Mr. Hostetter has shown, by clear and convincing evidence, that he is not a flight risk or danger to the community on release.

**B.    Mr. Hostetter's appeal raises a substantial question.**

In Mr. Hostetter's earlier motion for release pending appeal, this Court "assume[d] that the question before the Supreme Court in *United States v. Fischer* is a 'substantial' one within the meaning of Section 3143." Dkt. 396 at 1. Mr. Hostetter was convicted of obstructing an official proceeding, under 18 U.S.C. § 1512(c)(2), and conspiring to obstruct an official proceeding, under 18 U.S.C. § 1512(k), based on his actions at the U.S. Capitol on January 6, 2021. In *Fischer*, the Supreme Court held that § 1512(c)(2) does not cover this type of conduct. 2024 WL 3208034 at *3, *7 (crowd broke windows and forced entry into Capitol; Mr. Fischer entered the Capitol and was involved in a physical confrontation with police). Instead of giving § 1512(c)(2) a broad reading, the Court held that it was limited by the language in § 1512(c)(1). *Id.* at *7–*8. "To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official

proceeding of records, documents, objects, or … other things used in the proceeding, or attempted to do so." *Id.* at *10. Whether § 1512(c)(2) applies to Mr. Hostetter's conduct undoubtedly is a substantial question of law, which the Supreme Court has answered in his favor.[1]

C. **The decision in *Fischer* will likely result in a reduced imprisonment sentence for Mr. Hostetter that will expire before the appeal concludes.**

The decision in *Fischer*, applied to Mr. Hostetter's case, will likely result in a reduced imprisonment sentence that will expire before his appeal concludes. Mr. Hostetter's four sentences were all based on the Guidelines range for his obstruction counts. Without those counts, his sentence will likely be "less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv).

Mr. Hostetter was convicted of four offenses: obstruction under § 1512(c)(2), conspiracy to obstruct under § 1512(k), entering or remaining in restricted grounds under § 1752(a)(1), and disorderly or disruptive conduct in restricted grounds under § 1752(a)(2). Dkt. 336 at 1–2 (PSR).

All four counts were grouped for sentencing guidelines purposes under §3D1.2(b). Dkt. 336 at The probation officer determined that the offense level for obstruction, guideline §2J1.2, which produced the highest offense level, was the offense level applicable for the entire group. Dkt. 336 at 13. Calculating the offense

---

[1] Although Mr. Hostetter did not raise this issue in the district court, he will be able to prove that it is plain error on appeal. *See Rosales-Mireles v. United States*, 585 U.S. 129, 134–35 (2018) (test for plain error); *Henderson v. United States*, 568 U.S. 266, 279 (2013) (error is plain if it is clear at time of appeal).

level for obstruction, the officer started with a base offense level of 14, §2J1.2(a); added 8 levels for causing or threatening physical injury, §2J1.2(b)(1)(B); added 3 levels for interference with the administration of justice, §2J1.2(b)(2);[2] added 2 levels for otherwise extensive in scope, planning, or preparation, §2J1.2(b)(3), resulting in an adjusted offense level of 27. Dkt. 336 at 14. The officer then added 4 levels for leader or organizer, which this Court reduced to 2 levels, under §3B1.1. Dkt. 336 at 14; Trans. Dec. 7, 2023 at 11–12. Finally, the officer added 2 levels for obstruction of justice, under §3C1.1, Dkt. 336 at 14, resulting in a total offense level of 31. Trans. Dec. 7, 2023 at 11–12. With a Criminal History Category I, because of no criminal history points, the Guidelines range was 108 to 135 months' imprisonment. Trans. Dec. 7, 2023 at 11–12. This Court sentenced Mr. Hostetter to concurrent sentences of 135 months on Counts One and Two, and concurrent sentences of 120 months, the statutory maximum, on Counts Three and Four, all to run concurrently. Dkt. 384 at 1–3 (Judgment).

Should the *Fischer* decision result in vacating Mr. Hostetter's two obstruction convictions, the remaining convictions will produce a far lower Guidelines range. The probation officer stated that the guideline applicable to Count Three was §2B2.3 and the guideline applicable to Count Four was §2A2.4. Under §2B2.3, Trespass, the base offense level is 4, §2B2.3(a); add 2 levels for the trespass having occurred at "any restricted building or grounds," §2B2.3(b)(1)(A)(vii); and 2 levels if a dangerous

---

[2] The D.C. Circuit has held that a January 6th defendant's interference with the electoral vote-counting process did not interfere with the "administration of justice," within the meaning of §2J1.2(b)(2). *United States v. Brock*, 94 F.4th 39, 58–59 (D.C. Cir. 2024)

weapon was possessed, §2B2.3(b)(2); for a total offense level of 8.[3] Under §2A2.4, Obstructing or Impeding an Officer, the base offense level is 10, §2A2.4(a). No enhancements apply so the total offense level remains 10.[4] Grouping Counts Three and Four, under §3D1.2(b), the total offense level for the group would be 10, combined with Criminal History Category I, to produce a Guidelines range of 6 to 12 months' imprisonment.

Mr. Hostetter has been incarcerated since January 5, 2024, and so he has already served almost 6 months in prison—the bottom of the reduced Guidelines range. His appeal raises a substantial question of law that the Supreme Court has already decided in his favor in *Fischer*, and that will likely result in a reduced imprisonment sentence that will expire before his appeal concludes. Mr. Hostetter requests this Court release him pending appeal.

---

[3] In its sentencing memorandum, the Government calculated the offense level for Count Three to 8 levels. Dkt. 383 at 26. At that point, however, the Government followed the cross-reference in §2B2.3(c)(1)—if the offense was committed with the intent to commit a felony offense, apply §2X1.1 in respect to that felony offense. Dkt. 383 at 26. The felony offense that was cross-referenced was obstruction under 18 U.S.C. § 1512(c)(2). Dkt. 383 at 26. Under the holding in *Fischer*, a cross-reference to that section would not apply.

[4] In its sentencing memorandum, the Government calculated the offense level for Count Four to 13 levels. Dkt. 383 at 26. The base offense level of 10, §2A2.4(a) plus 3 points for dangerous weapon possessed, §2A2.4(b)(1)(B). Dkt. 383 at 26. Mr. Hostetter disagrees that the 3 points apply because the guideline requires not just that the dangerous weapon was "possessed," but also—"and"— that "its use was threatened." U.S.S.G. §2A2.4(b)(1)(B). Because there was no evidence, viewed in the light most favorable to the Government, that Mr. Hostetter threatened to use the hatchet, the three levels do not apply.

## Conclusion

For these reasons, Mr. Hostetter respectfully moves for release pending appeal.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

_____
/s/ JUDY FULMER MADEWELL
First Assistant Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, Texas 78205
(210) 472-6700
(210) 472-4454 (Fax)
State Bar of Texas No. 00790727
judy_madewell@fd.org

*Attorney for Defendant-Appellant*

## CERTIFICATE OF SERVICE

I, Judy Fulmer Madewell, First Assistant Federal Public Defender for the Western District of Texas, hereby certify that on the 2nd day of July 2024, filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ JUDY FULMER MADEWELL
Assistant Federal Public Defender
