**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-CR-392-1 (RCL)** |
| | **:** | |
| **ALAN HOSTETTER,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR RELEASE PENDING APPEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Alan Hostetter's Motion for Release Pending Appeal (ECF No. 502), which is in effect a motion for bail in light of the Supreme Court's decision in *See Fischer v. United States*, 603 U.S. __, 2024 WL 3208034 (June 28, 2024). *Fischer* relates to the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes of which the defendant was convicted.

The Court has been here before. On December 26, 2023, the defendant moved for a stay and for release pending appeal, relying on the Supreme Court's decision to grant a writ of certiorari in *Fischer*. ECF No. 390. In denying the defendant's motion, the Court assumed that *Fischer* presented a substantial question, but denied the motion because the defendant "cannot show that any of the results required under 18 U.S.C. § 3143(b)(1)(B) are likely to result." ECF No. 396. Specifically, the Court relied on the defendant's two separate felony convictions—under 18 U.S.C. § 1752—for which the defendant was sentenced to, on each count, 120 months' imprisonment. The Court found then that "*Fischer* does not implicate his convictions under Section 1752." *Id.* The same analysis holds today, and the defendant offers no reason the Court should abandon its prior analysis. It should not.

Accordingly, the defendant's motion should be denied.

## I.   BACKGROUND AND PROCEDURAL HISTORY

The grand jury returned a Second Superseding Indictment on May 10, 2023, charging the defendant with felony violations of Sections 1512(k), 1512(c)(2) & 2, 1752(a)(1) & (b)(1)(A), and 1752(a)(2) & (b)(1)(A).  On July 13, 2023, the defendant was convicted of all counts following a bench trial.  On December 7, the defendant was sentenced to the following:

> **Count One – 18 U.S.C. § 1512(k):** One-hundred-thirty-five (135) months of incarceration to run concurrently, thirty-six (36) months of supervised release to run concurrently, $100 special assessment, $2,000 restitution (for all counts), and $30,000 fine (for all counts).

> **Count Two – 18 U.S.C. §§ 1512(c)(2) & 2:** One-hundred-thirty-five (135) months of incarceration to run concurrently, thirty-six (36) months of supervised release to run concurrently, $100 special assessment, $2,000 restitution (for all counts), and $30,000 fine (for all counts).

> **Count Three – 18 U.S.C. § 1752(a)(1) & (b)(1)(A):** One-hundred-twenty (120) months of incarceration to run concurrently, thirty-six (36) months of supervised release to run concurrently, $100 special assessment, $2,000 restitution (for all counts), and $30,000 fine (for all counts).

> **Count Four – 18 U.S.C. § 1752(a)(2) & (b)(1)(A):** One-hundred-twenty (120) months of incarceration to run concurrently, thirty-six (36) months of supervised release to run concurrently, $100 special assessment, $2,000 restitution (for all counts), and $30,000 fine (for all counts).

*See* ECF No. 384.  On December 12, 2023, the defendant filed a notice of appeal. *See* ECF No. 386.

On December 26, 2023, the defendant filed a predecessor motion to extend his self-surrender date until a decision was made regarding *Fischer*.  *See* ECF No. 390 at 1, and pending his own appeal, *id.* at 2.  The United States opposed.  *See* ECF No. 392.  On January 2, 2024, the Court denied the motion.  *See* ECF No. 396.

On June 28, 2024, the Supreme Court issued a ruling in *Fischer*, and, now, the defendant returns to the Court to renew his argument for release.  *See* ECF No. 502.

## II.    LEGAL STANDARD

The defendant's motion is properly construed as a motion for release pending appeal under 18 U.S.C. § 3143(b).  *See* ECF No. 502 at 1.  The statute does not authorize the defendant's release here.

Under 18 U.S.C. § 3143(b), a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and

> (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)–(B).  The requirements for "reversal" and "an order for a new trial" encompass all counts, not just a single count.  *United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1988) (explaining that defendants "cannot be released unless the appeal raises a substantial question likely to result in reversal of *all counts* on which imprisonment is imposed" (emphasis added)).  If a judicial officer finds that a defendant is eligible for release because the appeal is "likely" to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," the remedy is not immediate release; rather, "the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence."  18 U.S.C. § 3143(b)(1)(B).  It is the defendant's burden to make the requisite showing under 18 U.S.C. § 3143(b)(1)(B).  *Perholtz*, 836 F.2d at 555–56 (referring to "the required showing on the part of the defendant"); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007).

## III.    ARGUMENT

Even assuming that the *Fischer* issue raises a "substantial question," the defendant fails to

make the required showing for release.  The Court has already said so.  *See* ECF No. 396.  There

is no reason for the Court to alter its analysis now, when the only new circumstance is the *Fischer*

ruling, which the Court previously assumed presented a substantial question in the defendant's

case.  *Id.*  As the Court held in January 2024, and should hold again here:

> Mr. Hostetter's motion fails because he cannot show that any of the results required
> under 18 U.S.C. § 3143(b)(l)(B) are likely to result.  *Fischer* does not implicate his
> convictions under Section 1752 (Counts Three and Four).  Whether the D.C. Circuit
> is right or wrong regarding the scope of Section 1512(c) does not undermine this
> Court's factual findings as to what Mr. Hostetter did on January 6, findings which
> overwhelmingly support his conviction under Counts Three and Four of the Second
> Superseding Indictment.  *See* ECF No. 275 (oral verdict). . . .  Because *Fischer*
> does not bear on the validity of Mr. Hostetter's convictions under Counts Three and
> Four, he is not at all likely to obtain "reversal" or an "order for a new trial" which
> respect to all counts, which is required to prevail under Section 3143(b)(1)(B).  *See*
> *Perholz*, 836 F .2d at 557.
>
> Nor can Mr. Hostetter show that his Section 1512(c) challenge is likely to result in
> "a sentence that does not include a term of imprisonment" or "a reduced sentence
> to a term of imprisonment less than the total of the time already served plus the
> expected duration of the appeal process."  18 U.S.C. § 3143(b)(l)(B).  The
> government reasonably estimates that the Supreme Court will likely decide Fischer
> by June 2024. ECF No. 392 at 6.  It is extremely unlikely that the six months Mr.
> Hostetter will have served by then will exceed any reduced sentence resulting from
> a successful challenge to Section 1512(c).  The Court imposed a significant 120-
> month sentence on Counts Three and Four—which are not implicated by Mr.
> Hostetter's' Section 1512(c) challenge—after presiding over a multi-day bench
> trial, preparing a copiously detailed oral verdict, and reviewing the whole record in
> advance of sentencing.  An eventual sentence reduction from 120 months to 6
> months would be a shocking result.  Indeed, the sentence imposed "was and
> remains . . . sufficient, but not greater than necessary" under the 18 U.S.C.
> § 3553(a) sentencing factors.  *See United States v. Alston*, No. 02-cr-57 (JDB), 2006
> WL 1518952, at *4 (D.D.C. May 30, 2006) (internal quotation marks and citation
> omitted).  On this record, Mr. Hostetter cannot show that his Section 1512(c)
> challenge is "likely to result in" no imprisonment or "a reduced sentence to a term
> of imprisonment" less than the time he will have served by the time the Supreme
> Court decides *Fischer*.  18 U.S.C. § 3143(b)(l)(B).

ECF No. 392 at 2–3.  While the defendant acknowledges this ruling, ECF No. 390 at 3, the

defendant offers no reason why the Court should abandon this analysis, and the Court should not.[1]

In its prior ruling, the Court incorporated a "reasonabl[e] estimate[]" that the Supreme

Court's *Fischer* decision would be issued by June 2024.  ECF No. 396 at 2.  Here, with a *Fischer*

decision having been made, the defendant's appeal is on an updated timeline, and the question is

whether the defendant's appeal is likely to result in "a reduced sentence to a term of imprisonment

less than the total of the time already served plus the expected duration of the appeal process."  18

U.S.C. § 3143(b)(1)(B)(iv).  But where, as here, the Court has found and reiterated that a term of

imprisonment of 120-months for the Section 1752 counts remains "'sufficient, but not greater than

necessary' under the 18 U.S.C. § 3553(a) sentencing factors," ECF No. 396 at 3, the Court can be

confident that the expected duration of the appeal process will be safely within that window.[2]

Finally, in its prior ruling, the Court "assume[d] without deciding that Mr. Hostetter can

make the requisite showing under 18 U.S.C. § 3143(b)(1)(A)," ECF No. 396 at 1—that is, "clear

and convincing evidence that the person is not likely to flee or pose a danger to the safety of any

other person or the community if released," 18 U.S.C. § 3143(b)(1)(A).  The United States argued

---

[1] The United States will not repeat here all the arguments made in its December 28, 2023 opposition to the defendant's prior motion.  But the same arguments, many of which the Court adopted in its ruling, control here, and the United States incorporates its previous arguments by reference.  *See* ECF No. 392.

[2] But even if the Court were not confident, immediate release would not be the remedy.  Instead, the statute directs the Court to order the defendant released only once he has served the amount of time he is likely to serve upon resentencing.  18 U.S.C. § 3143(b)(1)(B) ("[I]n the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated *at the expiration of the likely reduced sentence*." (emphasis added)).  Therefore, to release the defendant based on the likelihood of a reduced sentence, the Court must calculate that reduced sentence, and the defendant must still serve that amount of time before being released pending appeal.  *See, e.g.*, May 25, 2023 Order, *United States v. Brock*, D.C. Cir. Case No. 23-3045 (denying motion for release pending appeal in January 6 case where "the district court did not specifically address what appellant's "likely reduced sentence" would be if his conviction under 18 U.S.C. § 1512(c) is reversed.  Nor has appellant made that showing . . . .").

in its previous opposition, and reiterates here, that the defendant is unable to show by clear and convincing evidence that he is not a danger. *See* ECF No. 392 at 4. The defendant made the danger he poses to the community clear with his conduct prior to and on January 6, 2021. After repeatedly calling for the executions of his political opponents, he and his principal coconspirator, Russell Taylor, stormed the U.S. Capitol, each carrying a hatchet, among other weapons. The defendant had driven across the country in order to make sure these weapons were available for their attack. On Capitol grounds, the defendant followed closely behind Taylor as Taylor joined a group pushing past a police line on the Inaugural Stage. He cheered on rioters below, on the West Plaza, as they overran police lines there. And after occupying Capitol grounds for hours—in fulfillment of his goal—he bragged about being "in the thick of it" and getting "tear gassed and flash banged." He boasted, "This was the shot heard round the world." The defendant's willingness to call for, join in, and celebrate political violence make him a clear danger to the community going forward.

### CONCLUSION

Accordingly, for the foregoing reasons, the defendant's Motion for Release Pending Appeal should be denied.

<div style="margin-left: 40%;">

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:   */s/ Anthony W. Mariano*
ANTHONY W. MARIANO, MA Bar No. 688559
JASON M. MANNING, NY Bar No. 4578068
Trial Attorneys, Detailees
Capitol Siege Section
United States Attorney's Office
for the District of Columbia
601 D Street N.W.
Washington, DC 20530

</div>

(202) 476-0319
Anthony.Mariano2@usdoj.gov
(202) 514-6256
Jason.Manning@usdoj.gov