UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | CAUSE NO. 1:21-CR-392-RCL-1 |
| ALAN HOSTETTER | § § § | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR RELEASE PENDING APPEAL**

Defendant Alan Hostetter has moved this Court for release pending appeal given the Supreme Court's decision in *Fischer v. United States*, No. 23-5572, __ S. Ct. __, 2024 WL 3208034 (June 28, 2024). The Government opposes the request, arguing that Mr. Hostetter cannot satisfy the criteria for release in 18 U.S.C. § 3143(b). ECF No. 504. Mr. Hostetter disagrees.

Notably, the Government does not dispute that the Supreme Court's decision in *Fischer* will result in the reversal of Mr. Hostetter's convictions for conspiracy to obstruct an official proceeding, under 18 U.S.C. § 1512(k), and obstruction of an official proceeding, under 18 U.S.C. § 1512(c)(2).

The Government argues instead that Mr. Hostetter cannot show that his appeal will likely result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). ECF No. 504 at 3–4. But the Government also does not dispute that the correctly-calculated Guidelines range for the remaining two counts—

1

entering and remaining in a restricted building or grounds with a dangerous weapon, under 18 U.S.C. §§ 1752(a)(1), (b)(1)(A), and disorderly and disruptive conduct in a restricted building or grounds with a dangerous weapon, under 18 U.S.C. §§ 1752(a)(2), (b)(1)(A)—is 6 to 12 months' imprisonment. And that Mr. Hostetter has already served 6 months in prison. Additionally, the current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 10.9 months.[1] Mr. Hostetter's appeal will likely take longer than this median time given that his notice of appeal was filed on December 12, 2023, and there is as of yet no briefing schedule in the D.C. Circuit Court of Appeals. *See United States v. Hostetter*, No. 23-3230.

The Government suggests that Mr. Hostetter's sentence will remain at 120 months' imprisonment. ECF No. 504 at 1, 4–5. But the Government's "position overlooks the revised Sentencing Guidelines range." *United States v. Adams*, 2024 WL 111802 (D.D.C. Jan. 10, 2024) (Judge Howell). As an initial point, under the sentencing-package doctrine, Mr. Hostetter's sentences on the two § 1752(a) convictions will be vacated upon the reversal of the obstruction convictions. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). This is especially true in Mr. Hostetter's case where all four

---

[1] U.S. Courts of Appeal— Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2023 (Table B-4), *available at* https://www.uscourts.gov/sites/default/files/data/data_tables/jb_b4_0930.2023.xlsx.

2

counts of conviction were grouped for sentencing guidelines purposes, and the offense level for the § 1512(c) obstruction count was the offense level for the entire group. For resentencing, the corrected-calculated Guidelines range on the two remaining trespass convictions will be 6 to 12 months' imprisonment. For this Court to impose a 120-month sentence, it would have to upwardly vary from the 6- to 12-month range and provide "specific reasons" for the substantial upward variance. *See* 18 U.S.C. § 3553(c)(2).

Nor, as the Government claims, can this Court simply rely on its decision denying Mr. Hostetter's earlier request for release pending appeal based on the Supreme Court having granted certiorari in *Fischer*. ECF No. 504 at 1, 4–5. In that decision, this Court suggested that the "significant 120-month sentence on Counts Three and Four … [are] not implicated by Mr. Hostetter's Section 1512(c) challenge[.]" ECF No. 396 at 2–3. However, as stated in Mr. Hostetter's Motion for Release Pending Appeal, and above, the sentences for Counts Three and Four are directly impacted by the *Fischer* decision. ECF No. 502 at 7–8; supra. In resentencing Mr. Hostetter, the Court, in determining the particular sentence to be imposed, is required to consider the correctly calculated Guidelines range. *Rosales-Mireles v. United States*, 585 U.S. 129, 143–44 (2018).

The Government also claims that Mr. Hostetter cannot show that he is not a danger, as required by § 3143(b)(1)(A). ECF No. 504 at 5–6. In making this claim, the Government points to statements and conduct undertaken by Mr. Hostetter and "his principal coconspirator, Russell Taylor." ECF No. 504 at 6. According to the

3

Government, Mr. Hostetter's and Mr. Taylor's "willingness to call for, join in, and celebrate political violence" makes them "a clear danger to the community going forward." ECF No. 504 at 6. For these offenses, Russell Taylor was sentenced to 36 months' probation with 6 months of home detention. For all the reasons set out in Mr. Hostetter's motion for release, ECF No. 502 at 5–6, he has shown by clear and convincing evidence that he is not a flight risk or a danger to the community. Mr. Hostetter requests this Court release him pending appeal.

## Conclusion

For these reasons, Mr. Hostetter respectfully moves for release pending appeal.

Respectfully submitted,

        MAUREEN SCOTT FRANCO
        Federal Public Defender

        _____
        /s/ JUDY FULMER MADEWELL
        First Assistant Federal Public Defender
        Western District of Texas
        300 Convent Street, Suite 2300
        San Antonio, Texas 78205
        (210) 472-6700
        (210) 472-4454 (Fax)
        State Bar of Texas No. 00790727
        judy_madewell@fd.org

        *Attorney for Defendant-Appellant*

**CERTIFICATE OF SERVICE**

I, Judy Fulmer Madewell, First Assistant Federal Public Defender for the Western District of Texas, hereby certify that on the 11th day of July 2024, filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ JUDY FULMER MADEWELL
Assistant Federal Public Defender