## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                    Case No. 1:21-CR-392-1-RCL

ALAN HOSTETTER,

*Defendant.*

## ORDER DENYING MOTION FOR RELEASE FROM CUSTODY PENDING APPEAL

On January 6, 2021, defendant Alan Hostetter, equipped with a hatchet, joined a violent mob which pushed through police lines, broke down barricades, and unlawfully entered the United States Capitol. *See generally* Oral Verdict, ECF No. 275. Mr. Hostetter's purpose was to disrupt the certification of the results of the 2020 presidential election, which he believed to be fraudulent. *Id.* Although he did not personally engage in any physical altercations, he accompanied the vanguard of rioters who were violently fighting with the police and urged them on by waving a flag and sounding a bullhorn that he brought with him. In social media posts and messages to fellow rioters, Mr. Hostetter likened the events of January 6th to the beginning of a revolution. *Id.* at 9. He also recorded videos in which he called for the execution of various public officials. *Id.* at 8, 10. At both trial and sentencing, Mr. Hostettler exhibited no remorse for his actions, and even after receiving the verdict, he continued to push his conspiracy theories before the Court at sentencing. *See* Sent. Tr. 26–43, ECF No. 413.

On July 13, 2023, this Court found Alan Hostetter guilty on four counts related to his participation in the events of January 6, 2021 at the United States Capitol. Oral Verdict 17. Two counts pertained to entering, remaining, and engaging in disorderly conduct in a restricted area with a deadly weapon (a hatchet). 18 U.S.C. §§ 1752(a)(1)–(2). His other two convictions were

for conspiring to obstruct, and actually disrupting, an official proceeding—to wit, the certification of the 2020 Electoral College results.  18 U.S.C. §§ 1512(c)(2), 1512(k).

On June 28, 2024, the Supreme Court held that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Fischer v. United States*, 603 U.S. ___, 144 S. Ct. 2176, 2190 (2024).  Mr. Hostetter's case is now pending appeal, and it is unknown as of now whether *Fischer*'s now-controlling interpretation of § 1512 will affect his convictions under that statute.  Mr. Hostetter now moves this Court for release pending appeal, pursuant to 18 U.S.C. § 3143(b).  *See* Mot. for Release from Custody Pending Appeal, ECF No. 502.

In order to succeed on a motion for release pending appeal, the movant bears the burden to show "by clear and convincing evidence" that three conditions are satisfied: first, that he is "not likely to flee or pose a danger to the safety of any other person or the community if released," 18 U.S.C. § 3143(b)(1)(A); second, that "the appeal is not for the purpose of delay," and third, that it "raises a substantial question of law or fact likely to result in—(1) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B); *see also United States v. Weyer*, No. 22-cr-40-JEB, 2024 WL 809962, at *1 (D.D.C. Feb. 27, 2024) ("Defendant bears the burden of satisfying both §3143(b)(1)(A) and 3143(b)(1)(B).") (first citing *United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1987), then citing *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007), then citing *United States v. Bledsoe*, No. 21-cr-204-BAH, 2024 WL 341159, at *3 (D.D.C. Jan. 30, 2024)).

Mr. Hostetter has not met his burden on this motion. Other courts in this district have determined, even before *Fischer* was finally decided, that the case would "raise[] a substantial question of law or fact" as to § 1512 convictions that arose from the events of January 6th. *See, e.g.*, *United States v. Williams*, No. 21-cr-377-BAH, 2024 WL 1253949, at *3 (D.D.C. Mar. 25, 2024); *United States v. Sheppard*, No. 21-cr-203-JDB, 2024 WL 127016, at *3 (D.D.C. Jan. 11, 2024); *United States v. Seefried*, 21-cr-287-TNM, 2024 WL 1299371, at *3 (D.D.C. Mar. 26, 2024). But in this case, the Court need not address the substantiality question, nor assess the purpose of Mr. Hostetter's appeal. That is because Mr. Hostetter has neither demonstrated by clear and convincing evidence that he poses no danger to the community, nor that his pending appeal, if successful, will reduce his sentence by so much as to warrant his release.

As already discussed, Mr. Hostetter has revealed his capacity for violence by bringing a weapon into a restricted area, spurring on a violent mob, and calling for the execution of public officials. Mr. Hostetter was impelled on January 6 by his ideological convictions, and by the time of sentencing he had not abandoned the theories that motivated his illicit conduct. *See* Sent'g Tr. 26–33, 39, 42 ECF No. 413 (stating that January 6th was "absolutely staged," that "the election was stolen," and that he still "truly believe[d] this"). Indeed, Mr. Hostetter saw and continues to see it as his affirmative duty to act as he did that day, which raises the substantial risk that he would be willing to replicate his behavior, particularly considering that the next election is just a few months away. *Id.* at 39 ("I'll double down on what I did, why I was there, and that it was my oath to the country that drove me there.").

Mr. Hostetter points out, and the Court recognizes, that due to his compliance with his pretrial release conditions, stable personal life, and lack of criminal history, the Court permitted him to self-surrender, rather than ordering him into custody immediately after sentencing. Mot.

for Release from Custody Pending Appeal 5.  However, the severity of Mr. Hostetter's offenses, viewed in light of his conduct *during* sentencing and coupled with the looming election, persuade this Court that the present risk of releasing Mr. Hostetter is too grave.  The fact that the Court has afforded Mr. Hostetter lenient custodial conditions in the past does not preclude the determination today that Mr. Hostetter represents a threat to the community if released.  *See, e.g.*, Order Denying Motion for Release Pending Appeal, *United States v. Pryer*, D.C. Cir. No. 24-3037, Doc. #2053066 (D.C. Cir. 2024) (denying a motion for release pending appeal which was predicated on the Court having previously allowed the defendant to remain in the community and self-surrender).

Moreover, even if Mr. Hostetter were not a risk to the community, he nevertheless bears the burden to show that his appeal is likely to result in a reduced sentence shorter than the sum of the time he has already served and the time that it will take for the D.C. Circuit to resolve his appeal.  He argues that, absent his § 1512 convictions, the Guidelines sentence for his remaining offenses would be 6-12 months.  But even if this is so, Mr. Hostetter too hastily presumes that this Court would necessarily give a Guidelines sentence on remand.  In crafting its original sentence, the Court considered the Sentencing Guidelines, but also made its own assessment—as it must, according to 18 U.S.C. § 3553(a)—of the factual, personal, and historical circumstances surrounding Mr. Hostetter's offense.  While the Supreme Court's decision in *Fischer* may ultimately change the Guidelines recommendation for Mr. Hostetter, *Fischer* does not dictate the Court's application of the 18 U.S.C. § 3553(a) factors to Mr. Hostetter's remaining convictions. The Court may still consider Mr. Hostetter's serious conduct on January 6th, 2021 in its entirety, even if the court of appeals concludes that this conduct no longer constitutes a crime under 18 U.S.C. § 1512.  To reduce his sentence from 135 months to 12 months would require this Court

to take a drastically different view of Mr. Hostetter's conduct, and the Court is not persuaded that the pending appeal in this case will have such an affect.  Because Mr. Hostetter has not met his burden to show not only what his hypothetical reduced Guidelines range would be, but also that the Court should and would adhere to that range, his motion does not succeed.

Therefore, upon consideration of the Motion for Release from Custody Pending Appeal, the response and reply thereto, and the entire record herein, it is hereby

**ORDERED** that the Motion is **DENIED.**

**IT IS SO ORDERED.**

Date: 7-18-24

Royce C. Lamberth
United States District Judge